JACKSON, *ex dem.* CENTER and others, *against* CAMPBELL.

EJECTMENT for one hundred acres of land, in *Victor*, in *Ontario* county, tried before Mr. Justice *Van Ness*, at the *Ontario* circuit, in *May*, 1820.

It was admitted, at the trial, that the common source of title was in *Roswell Murray*.

The plaintiff produced in evidence, a mortgage from *Roswell Murray* to the lessors of the plaintiff, dated *September* 8th, 1813, acknowledged the 11th of *September*, 1813, and registered the 3d of *February*, 1815, for 500 dollars. The plaintiff also produced a bond of *R. M.* to the lessors, of the same date, conditioned to pay 500 dollars, on or before the 1st of July then next; and the record of a deed from the lessors of the plaintiffs to *R. M.*, for the same premises, dated the 10th of *March*, 1812, acknowledged by the grantor on the 12th of *August*, and the 11th of *September*, 1813, and recorded the 9th of *October*, 1813, for the consideration of 500 dollars.

The defendant gave in evidence, a deed from *Roswell Murray* to *N.* and *M. Campbell* for the same premises, dated *September* the 24th, 1813, acknowledged *April* the 4th. 1817, and recorded the 10th of *April*, 1817, for the consideration of 1,000 dollars. The defendant proved the payment of the consideration money by him to *R. M.*, and that *R. M.* declared at the time there were no incumbrances of any kind on the premises. It was admitted, that both the lessors of the plaintiff, and the defendant, received their deeds from *R. M., bona fide,* and for valuable considerations.

A verdict was taken for the plaintiff, subject to the opinion of the Court, on the above case, which was submitted to the Court without argument.

SPENCER, Ch. J. delivered the opinion of the Court. *Roswell Murray* is the common source of title ; the plaintiffs proved a mortgage of the premises to the lessors of

Where a person executes a mortgage, which is not recorded, and, afterwards, executes a deed for the same premises to a *bona fide* purchaser, for a valuable consideration, without notice, such *bona fide* purchaser is protected by the act *concerning mortgages,* (1 *N. R. L* 372. sess. 36. ch. 33.) and his deed is preferred to the mortgage, although the *mortgage* is, afterwards, recorded before the deed.
But under the *fourth* section of the *act concerning deeds,* (1 *N. R. L.*369. sess. 36. c. 97.) the deed first recorded takes preference, the act declaring deeds not recorded in the counties mentioned, fraudulent and void, as against a *bona fide* purchaser or mortgagee for a valuable consideration.

the plaintiffs, executed by *Murray*, on the 8th of *September*, 1813, and registered the 3d of *February*, 1815. The defendant produced and proved a deed from *Murray* to *N.* and *M. Campbell*, dated the 24th of *September*, 1813, and recorded the 10th of *April*, 1817, for the premises. The mortgage and deed are *bona fide*, and for a valuable consideration, and no notice, either actual or constructive, was proved to have been given to *N.* and *M. Campbell*, when they took their deed, of the existence of the mortgage.

The question is, whether a deed taken *bona fide*, and for a valuable consideration, subsequent to a mortgage by the same grantor, and which mortgage is not registered or recorded when the deed is given, though it is registered before the deed is recorded, takes preference of the mortgage or not? This precise question has never arisen or been decided. The act concerning deeds, (sess. 36. ch. 97. s. 4. 1 *N. R. L.* 369.) provides, that every deed executed after the first day of *February*, 1799, whereby the right of any lands situated in the counties therein mentioned, and including *Ontario* county, in which the premises in question are situated, shall be recorded; and that all deeds, after the first day of *February*, 1799, affecting any of those lands, shall be adjudged fraudulent and void against any subsequent *bona fide* purchaser, or mortgagee for valuable consideration, unless the same be recorded, as directed, before the recording of the deed under which such subsequent purchaser or mortgagee shall claim.

The second section of the "act concerning mortgages," (sess. 36. c. 32. 1 *N. R. L.* 372.) provides for the registry of mortgages in the counties wherein the lands are situated; and that, in case of several mortgages of the same premises, the mortgage which shall be first registered, shall have preference in all courts of law and equity, according to the time of registry, if *bona fide*, and on valuable consideration, provided that no mortgage shall defeat the title of any *bona fide* purchaser, unless the same shall have been duly registered as aforesaid. If the act concerning mortgages stood alone, it seems to me its construction would have admitted of no doubt. "No mortgage shall defeat the title of any *bona fide* purchaser, unless the same shall have

been duly registered as aforesaid." The obvious and plain intention of the statute, is to give notice, through the medium of the county records, to persons about to purchase. If they search the records, and find no mortgage on the lands for which they are contracting, they ought never to be affected by any dormant or concealed mortgage. If the purchaser, confiding that there exists no mortgage, none being on record, parts with his money, and takes a deed, the statute is his protection. And I do not perceive how it is possible to give any other construction to the mortgage act; its provisions, in this respect, are plain, simple, and obvious.

The legislature have seen fit to establish a different rule where there are two or more deeds of the same lands, situate in the recording counties. Unrecorded deeds, in those counties, are declared to be fraudulent and void only as regards subsequent *bona fide* purchasers, or mortgagees for valuable consideration, when such subsequent deed or mortgage is recorded before the first deed; thus making the act of recording the test to determine which deed shall take preference; so that, under the act relative to mortgages, a *bona fide* deed for valuable consideration, subsequent to an unregistered mortgage, takes precedence of the unregistered mortgage, without reference to any subsequent registry of the mortgage, or the recording of the subsequent deed; but under the statute concerning deeds, the one first recorded takes preference. They are not statutes in *pari materia*. The mortgage act is of ancient origin, and the act concerning the recording of deeds is of modern date. We are all of opinion, that these two statutes must have a different construction, to satisfy the plain intention of the legislature.

Judgment for the defendants.