McCullough *et al. v.* Vibbard *et al.*

(*Supreme Court, General Term, First Department.* June 19, 1888.)

1. Practice in Civil Cases — Dismissal on the Merits — Failure of Plaintiff to Offer Evidence.

It is error to dismiss a complaint on the merits, where plaintiffs offer no evidence in support of it, as Code Civil Proc. § 1209, provides that a dismissal of a complaint shall not prevent a new action for the same cause, unless the final judgment expressly declares, or it appears by the judgment roll, that it is rendered on the merits.

2. Costs—After Offer to Dismiss—Who are Liable for.

In an equitable action, where plaintiffs refuse to offer proof to support their complaint, and have offered to dismiss the cause without costs before trial, which offer was refused, and the trial before a referee is taken up with the consideration of defendants' counter-claim, which is disallowed, it is error to allow defendants costs.

Appeal from judgment on report of Philo T. Ruggles, Referee.

Action brought by Hugh McCullough and others against Chauncey Vibbard and others for an accounting and the appointment of a receiver. After the cause was at issue, plaintiffs offered to discontinue without costs; but defendants, having put in a counter-claim, refused to agree. The case was referred to a referee, and on the hearing plaintiffs refused to put in any evidence. Defendants put in evidence of their counter-claim, but the referee refused to allow it, and reported dismissing the complaint on the merits, and awarded costs against plaintiffs. From the judgment entered on his report plaintiffs appeal. Code Civil Proc. § 1209, is as follows: "A final judgment dismissing the complaint, either before or after trial, rendered in an action hereafter commenced, does not prevent a new action for the same cause of action unless it expressly declares, or it appears by the judgment roll, that it is rendered upon the merits."

Argued before Van Brunt, P. J., and Brady and Daniels, JJ.

*William Man,* for appellants.    *Tracy, Broadhead, & Allen,* for respondents.

Van Brunt, P. J. The referee erred in dismissing the plaintiffs' complaint upon the merits. No evidence whatever was offered by the plaintiffs to support the allegations contained in their complaint, which was dismissed for the want of proof. There was no trial of the merits of the controversy to any greater extent than in every case where a judgment of nonsuit is entered, and consequently the complaint should not have been dismissed upon the merits.

The referee also erred in allowing costs against the plaintiffs. The plaintiffs refused to offer any proof to support the allegations of their complaint, and such complaint was dismissed. The whole of the trial was taken up with the consideration of the counter-claim contained in the defendants' answer, and the referee decided against them thereon, and allowed them costs against the plaintiffs. It is true that costs, in an action in equity, are within the discretion of the court, and such discretion should not legally be interfered with; but there does not seem to be any justice in the plaintiffs' being saddled with a large bill of costs, the bulk of which has been incurred in their successful attempt to defeat the defendants' counter-claim. The judgment so far as appealed from should be modified by striking out therefrom the words, "upon the merits, and the costs." No costs of this appeal.

Brady and Daniels, JJ., concurred.