JOSEPH E. WEST, Respondent, _v._ THE CITY OF UTICA and Others, Appellants.

_Taxpayer's action to restrain waste of municipal funds — expense incurred by municipal officers in defending proceedings to punish them for contempt of court — costs in equity actions._

When officers of a municipal corporation have been adjudged guilty of a contempt of court in violating an order of the court, it cannot be said that they were acting in good faith or in the _bona fide_ discharge of their duties so as to entitle them to be indemnified by the municipality for the expenses incurred in their defense of the contempt proceedings.

The payment of such expenses by the municipality may be restrained at the suit of a taxpayer, brought "to obtain a judgment preventing waste of or injury to the estate, funds or other property of" the municipality. (Code Civ. Proc. § 1925.)

Proceedings having been commenced to punish eight of the twelve aldermen comprising the common council of the city of Utica, for an alleged contempt of court in violating an injunction, the eight aldermen, by their own votes, passed a resolution of the common council for the employment, in the name of the city, of counsel to conduct their defense, which resolution was vetoed by the

mayor; the eight aldermen were thereafter adjudged guilty of the alleged contempt, and they thereupon repassed the resolution for the employment of counsel over the mayor's veto. A taxpayer of the city thereupon brought an action to restrain the city authorities from paying the counsel so employed, or the expenses of the defense of the eight aldermen, out of the city's funds.

*Held*, that the effect of the contempt proceedings was to indicate a want of good faith on the part of the eight aldermen;

That the common council had no power or authority to use the funds, or the machinery to reach funds, of the city to discharge any indebtedness arising on the part of the eight aldermen for their counsel in their defense against proceedings for contempt, which resulted in an adjudication that they were guilty of the alleged contempt;

That their action in employing counsel in the name of the city was an attempt to make the city liable for their own obligation, because the city was not bound to pay the expenses of defending an illegal act of its officers, even if purporting to be done in its behalf.

It did not appear that any claim or bill for services of the counsel, who acted in the defense of the eight aldermen, had ever been presented to the common council, allowed or audited, but the evidence disclosed that valuable services had been performed after the passage of the resolution for the employment of counsel, in the name of the city, and had not been paid for.

*Held*, that the inference was justified that it was the expectation that a claim for such services would be presented to the common council for payment, and hence it was proper for the trial court to declare in its decision that the employment of counsel was not binding upon the city, and that its funds were not liable therefor.

Where, in an action in equity, each party succeeds as to a part of the matters in litigation between them, costs are not allowed to either as against the other.

The discretion exercised by the Special Term as to costs in an equity action may be reviewed in the General Term.

In addition to seeking to restrain the city officers, including the eight aldermen who had been convicted of contempt, from auditing or paying out of the city's funds the expenses of the defense of the contempt proceedings, as to which branch of the case judgment was rendered in favor of the plaintiff, the complaint sought to restrain the defendants from inserting in assessment rolls or tax lists certain sums for street paving and building a school house, but the trial court at Special Term refused to grant the prayer in that regard, and judgment was entered to the effect that the plaintiff was not entitled to the relief so sought. The Special Term awarded costs of the action to the plaintiff against the defendant aldermen who had been convicted of contempt.

*Held*, that the judgment should be modified so as to provide that neither party should recover costs against the other.

APPEAL by the defendants, the city of Utica, and the mayor, the aldermen, the clerk and the treasurer of the said city, from a part of a judgment of the Supreme Court, entered in the office of the

clerk of Oneida county on the 12th day ·of December, 1892 (as amended by an order entered the 7th day of January, 1893), upon a decision of the court rendered after a trial by the court at Special Term.

In the conclusions of law stated by the Special Term are found the following : " That the passage of the resolution of August 31st, 1892, on the subject of employing counsel, and its repassage over the mayor's veto, did not bind the city in anyway or sum whatever, for the defense of said eight aldermen, in said contempt proceedings in which they were convicted. That the attempt to bind the city was an illegal official act. 3. That the plaintiff is entitled to a judgment against the defendants herein, perpetually restraining them and each of them, ' from auditing, allowing, ordering paid, drawing a warrant, or signing, or countersigning, or paying any warrant for any sum whatever for the payment of the costs, expenses or counsel fees or charges of or for the defense of said eight aldermen, Daniel McGucken * * * or any of them, against their contempt in violating the said injunction of this court, which they voted for themselves August 31, 1892, and again September 27, 1892, or about those dates.' "

*Josiah Perry, A. M. Beardsley* and *Matteson & DeAngelis*, for the appellants.

*C. D. Adams*, for the respondent.

HARDIN, P. J. :

Plaintiff is a taxpayer in the city of Utica upon an assessment of more than $1,000, and brings this action to " to obtain a judgment preventing waste of or injury to the estate, funds or other property of " the city of Utica. (See section 1925 of the Code of Civil Procedure.) This section was intended " to protect against the fraud or bad faith of the officer, or to restrain illegal action on his part." (*Ziegler* v. *Chapin*, 126 N. Y. 342.) After proceedings were taken against eight of the aldermen of the city, to punish them for contempt in violating an injunction order of this court, by a vote of eight of the twelve aldermen, a resolution was passed August 31, 1892, that counsel be employed for their defense in said contempt proceedings, and the resolution was in the following language :

"*Resolved,* That a committee consisting of the President of the Common Council and two aldermen be appointed, with power to employ suitable counsel to defend the proceedings in contempt instituted by the service of papers on the President, Daniel McGucken." It is found by the Special Term that after the mayor had vetoed the resolution, and after the aldermen were convicted of contempt, the resolution was again passed September 27, 1892, over the veto by the same vote, the said aldermen having two-thirds of the votes of the council. Although it was assumed at the trial, as well as upon the argument of the appeal before us, that counsel in pursuance of the resolution were employed, it is found as a fact by the Special Term "That no bill or claim has ever been presented to the common council, or to the city of Utica, for any services, costs or counsel fees, or charges in the matter of said contempt proceedings, or in the defense thereof;" and it is also found that no bill has been audited, or warrant drawn therefor, in payment of costs, expenses, counsel fees or charges, "in the defense of said contempt proceedings, or of said eight aldermen, and they have not undertaken or attempted any such thing or act." And it was found as a conclusion of law by the Special Term that the plaintiff is entitled to judgment "perpetually restraining them and each of them from auditing, allowing, ordering paid, drawing a warrant, or signing or countersigning, or paying any warrant for any sum whatever for the payment of the costs, expenses or counsel fees, or charges of or for the defense of said eight aldermen, Daniel McGucken * * * or any of them, against their contempt in violating the said injunction of this court, which they voted for themselves August 31, 1892, and again September 27, 1892, or about those dates."

Our attention is called by the appellants to *Powell* v. *The Trustees of the Village of Newburgh* (19 Johns. 283), which came before the court upon facts "agreed to by the parties." In that case the trustees of the village were sued for an act done by them in virtue of their office "in the faithful discharge of their duty as trustees and agents of the corporation," and for the necessary costs and charges in and about their defense they sought to recover, and in closing the opinion in that case, SPENCER, Ch. J., said: "They acted faithfully and without fault, and are entitled to recover for every-

thing reasonably and necessarily disbursed in and about their defense." We think the case is quite distinguishable from the one before us. When the Special Term was called upon to make its decision, the eight aldermen had been, by an order of this court, adjudged guilty of contempt. The effect of the contempt proceedings brought to the attention of the Special Term was to indicate a want of good faith on the part of the eight aldermen, and by reason of that violation of the injunction order, their contemptuous act, the proceedings were taken.

Our attention is directed to *McCredie* v. *The City of Buffalo* (2 How. [N. S.] 336), which is a case where an officer incurred expenses in establishing his right to the office. The case is quite unlike the one before us, and in the course of the opinion delivered in that case it was said : "It is an established rule that a municipal corporation may indemnify its officers and agents for expenses necessarily incurred in the *bona fide* discharge of their duties," and cases are cited to support that proposition. (See opinion, page 340.) In the case before us, the decision at Special Term proceeds upon the ground that the eight aldermen, being in contempt of court and violating its order, were not acting in good faith or "in the *bona fide* discharge of their duties." The case stated, therefore, does not aid the appellants.

In *Board of Supervisors* v. *Ellis* (59 N. Y. 620), it was held that a board of supervisors has no power to audit and allow accounts not legally chargeable to their county ; and it was further held in that case that the board "cannot lawfully engage a county in, or bind it to, the payment of the expenses of a litigation by an individual to establish his right to an office, and the audit and payment thereof is unlawful." We think the Special Term was warranted in reaching the conclusion that the common council had no power or authority to use the funds, or the machinery to reach funds of the city to discharge any indebtedness arising on the part of the eight aldermen for their counsel in their defense against proceedings for contempt, which proceedings resulted in an adjudication by the court that the eight aldermen violated an order of the court, and were, therefore, guilty of the alleged contempt. The learned judge who held the Special Term, in an opinion delivered, expressed himself as follows : "The employment of counsel pursuant to a resolution of the com-

mon council was a contract in behalf of the city, and, if valid, rendered it liable to pay a reasonable compensation to the gentlemen employed for such services as they should render. It must be presumed from the judgment of conviction that the eight aldermen were guilty of contempt and lawfully punished. Their action, therefore, in employing counsel in the name of the city was an attempt to make the city liable for their own obligations, because the city is not bound to pay the expenses of defending an illegal act of its officers, even if purporting to be done in its behalf. As the evidence stands before me, therefore, with the judgment of conviction unreversed, their action was unauthorized and illegal." We find no occasion to differ from the views expressed by the learned trial judge. Although it did not appear at the Special Term that any claim or bill for services of the counsel who acted in defense of the eight aldermen had ever been presented to the common council, allowed and audited, yet, upon the evidence found in the case made at the Special Term, and the papers therein referred to, it is quite obvious that valuable services were performed after the passage of the resolution, and that those services had not been paid for ; and the inference is justified that it was the expectation of the eight defendants that such services would be presented to the common council for payment (and perhaps it is not unreasonable to suppose that the counsel, who performed those services, expected that they would be paid in the manner suggested). It was not improper for the trial court to declare the employment of counsel not binding upon the city, and that its funds were not liable therefor. In dealing with the situation and the several acts of the eight aldermen, the trial judge, in his opinion, said : " Their action is in the nature of a threat to waste the funds of the city by paying them out for services rendered in defending themselves against a charge of personal misconduct of which they were guilty. * * * I think that the plaintiff is entitled to a permanent injunction restraining the defendants from auditing, allowing or paying out of moneys belonging to the city any part of the expenses incurred by employing counsel to defend the contempt proceedings. * * * "

(2) It is insisted that the Special Term erred " in awarding costs of this action against the aldermen who were convicted of con-

tempt." This action was brought on the equity side of the court, and the rule regulating costs is found in section 3230 of the Code of Civil Procedure, which provides that in such an action as this "The court may, in its discretion, award costs to any party, upon the rendering of a final judgment." In considering the question whether the discretion was properly exercised or not, regard must be had to the circumstances attending the other branch of the case, which was presented to the Special Term. In the plaintiff's complaint facts were stated upon which the plaintiff asked a perpetual injunction against the defendants "From extending or in any way or manner attempting to extend, or causing or suffering to be extended, upon any of the assessment rolls of Utica, or any ward therein, of the year 1892, said $50,000 for paving work in the city of Utica for the year 1892, beyond $6,000, as any part of any tax against any taxpayer or any taxable property in the city of Utica, or any ward therein. Also, from causing, suffering or permitting, or attempting to do so, any tax for said sum of $50,000 beyond $6,000, to go into or upon the tax lists of said city for any ward therein against any taxpayer or taxable property. Said officers respectively shall neither sign nor deliver any assessment roll or tax list with any such tax in it. From extending, or in any manner or way attempting to extend, or causing or suffering to be extended, upon any of the assessment rolls of Utica, or any ward therein, of the year 1892, said $8,000 for or on account of building the 12th ward school house in the city of Utica or any part of any tax against any taxpayer or any taxable property in the city of Utica or any ward therein. Also, from causing, suffering or permitting (or attempting to do so) any tax for said sum of $8,000, to go into or upon the tax lists of said city for any ward therein against any taxpayer or taxable property. Said officers respectively shall neither sign nor deliver any assessment roll or tax list with any such tax in it." The Special Term refused to grant the prayer in that regard, and under its decision a judgment has been entered to the effect that the plaintiff is not entitled to the relief asked for in the language quoted.

In *Law* v. *McDonald* (9 Hun, 23), it was held as follows : "Where in an action in equity each party succeeds as to a part of the matters in litigation between them, costs are not allowed to either as against the other," and in that case the judgment appealed from was "modi-

fied so as to stand without costs to either party as against the other."
A similar rule was laid down in *Crippen* v. *Heermance* (9 Paige,
211); *McCulloch* v. *Vibbard* (14 N. Y. Civ. Proc. Rep. 388); *Ten
Eyck* v. *Holmes* (3 Sandf. Ch. 428); *Couch* v. *Millard* (41 Hun,
215).

In *Rosa* v. *Jenkins* (31 Hun, 384), it was held by this court that
the discretion exercised in an equity action as to costs may be
reviewed here.

*Rundle* v. *Allison* (34 N. Y. 185), contains nothing inconsistent
with the rules already stated. We think the judgment should be
modified so far as it awards costs against the defendants, and a
clause inserted therein to the effect that neither party shall recover
costs against the other, and as so modified, we think it should be
affirmed, without costs of this appeal to either party.

MERWIN, J., concurred; PARKER, J., not sitting.

Judgment modified as stated in the opinion, and as modified
affirmed, without costs of the appeal to either party.