MARY J. CROSS, Respondent, *v.* A. PALMER SMITH and Another, Appellants, Impleaded with Others.

*Motion to strike out testimony — when too late — what objections to testimony are insufficient to present the question of its admissibility under section 829 of the Code of Civil Procedure — when a bond and mortgage may be enforced for the amount advanced thereon — costs in equity actions.*

If, upon the trial of an action, testimony inadmissible under section 829 of the Code of Civil Procedure has been admitted in evidence over the objection of one of the parties that it was incompetent and immaterial, a motion thereafter made to strike out such testimony on the ground that the evidence was incompetent and immaterial, "and on the further ground that the answer involved a personal transaction and communication between the witness and Timothy Smith, deceased, and was, therefore, incompetent under section 829 of the Code," may be properly denied on the ground that the motion is made too late.

Where a person purchased a bond and mortgage in good faith and in reliance upon representations made by the mortgagor and mortgagee that the bond and mortgage were valid and were given for a full consideration and free from usury, the same may be enforced by him or his assignee for the amount of money that was advanced thereon.

Where in an action in equity each party succeeds as to part of the matters in litigation between them, costs are not allowed to either as against the other.

APPEAL by the defendants, A. Palmer Smith and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Jefferson on the 14th day of August, 1894, upon the report of a referee directing the cancellation and discharge of a certain deed and mortgage, and adjudging that the appellants have collected and received rents of certain premises in excess of the amount of their mortgage thereon, and awarding the possession of said premises to the plaintiff.

*Henry Purcell*, for the appellants.

*James A. Ward*, for the respondent.

HARDIN, P. J.:

Plaintiff's complaint alleges that on the 24th day of August, 1872, Samuel Wilson deeded his interest in the premises described in the

complaint to Moses H. Cross, and that Moses H. Cross executed a mortgage on the said premises to Samuel Wilson for the sum of $5,000. The deed was recorded August 26, 1872, in the Jefferson county clerk's office. The complaint further alleges that on the 26th of August, 1872, Wilson sold, assigned and transferred the mortgage (and the bond accompanying the same) to one Timothy Smith, since deceased, for the sum of $4,500. And the complaint alleges that the conveyance and the mortgage and the transfer thereof were "in fact one transaction, and was a scheme, device and contrivance on the part of said Timothy Smith to retain a bonus of five hundred dollars for the loan of said five thousand dollars, and as unlawful usury, and said mortgage is usurious."

In the month of August, 1873, Timothy Smith died, leaving a last will and testament, wherein he appointed Timothy A. Smith and A. Palmer Smith and one Perry H. Smith executors. The will was admitted to probate by the surrogate of Jefferson county, and letters testamentary were issued to two executors, and they, by an instrument bearing date August 31, 1875, assigned the bond and mortgage to the late John C. McCartin, who on the same day assigned the bond and mortgage to Timothy A. Smith and A. Palmer Smith. The assignment was recorded in the clerk's office of Jefferson county.

The complaint describes the premises which were described in the mortgage mentioned, and further alleges that by a deed bearing date June 2, 1873, Moses H. Cross conveyed the premises to one Maltby, who on the 1st day of August, 1875, conveyed the premises to the plaintiff. It also alleges that on the 29th of December, 1879, "Said Samuel Wilson, by deed executed, acknowledged and delivered on that day, conveyed his interest in the mortgaged premises to the plaintiff, Mary J. Cross." The complaint also alleges that on the 27th of August, 1877, the defendants, Timothy A. Smith and A. Palmer Smith, then being owners of the mortgage given by Cross to Wilson, commenced an action to foreclose said mortgage. An answer was interposed by the plaintiff, Mary J. Cross, who was a defendant in that action, and also by her husband, Moses H. Cross, alleging that the mortgage was usurious and void. The issue joined in that action was brought to trial, and a judgment entered on the 6th of April, 1878, decreeing the foreclosure of the

mortgage and the sale of the premises. The premises were sold on the 30th day of April, 1878, and were bid in on the sale by the defendants, Timothy A. Smith and A. Palmer Smith, who received the sheriff's deed, which was recorded in the office of the clerk of Jefferson county, and under that deed they entered into possession of the premises. In that action Mary J. Cross and Moses H. Cross appealed from the judgment directing a sale of the premises, and the judgment was, by the General Term, reversed. On the 20th day of June, 1879, a motion was made in the General Term for restitution and for restoration of the premises. Timothy A. Smith and A. Palmer Smith were ordered to surrender and deliver up to Mary J. Cross and Moses H. Cross the possession of the premises so sold under said judgment, unless the said Timothy A. Smith and A. Palmer Smith should give a bond in the sum of $5,000, with sureties, "that they would account for the rents and profits of said mortgaged premises." Subsequently Timothy A. Smith and A. Palmer Smith, with two sureties, executed a bond on the 14th of July, 1879, conditioned that Timothy A. Smith and A. Palmer Smith "account for the rents, issues and profits of the mortgaged premises." It is averred in the complaint that since the 30th day of April, 1878, Timothy A. Smith and A. Palmer Smith have remained in possession of the premises and have "received the rents and profits of said mortgaged premises." It is averred in the complaint that the rents of said premises "amount to upwards of $1,000 a year, and have all been paid to defendants Smith since October, 1877." And it is averred in the complaint that Timothy A. Smith and A. Palmer Smith "have received the rents of said premises from the receiver appointed by the County Court, and from the tenants who have occupied said premises under them since the 30th day of April, 1878, which in the aggregate amounted to more than sufficient to pay, satisfy and discharge the said mortgage on said premises, executed by the said Moses H. Cross to the said Samuel Wilson, and now owned by the defendants, Timothy A. Smith and A. Palmer Smith." It is also averred in the complaint that the plaintiff "demanded of the defendants, Timothy A. Smith and A. Palmer Smith, an account or statement of the rents received by them, and the expenditures by them made for repairs on the buildings and for taxes and insurance by them paid, but the

said defendants have neglected and refused, and still neglect and refuse, to give any statement of account." The complaint further avers " that in equity all that is due defendants Smith is the sum of four thousand and five hundred dollars, with interest from August 24th, 1872. That all sums paid on said mortgage or received from said property for or on account of rents or otherwise, over and above said sum of four thousand five hundred dollars and legal interest, together with such sum paid by said defendants Smith for taxes, insurance and repairs, the said defendants should in equity pay to plaintiff on account therefor."

In plaintiff's complaint she asks that " an accounting be had between the parties to this action ; that the amount found due on said mortgage be ascertained and stated ; that the account of said Smiths for money paid, laid out and expended by them for repairs, insurance and taxes on the property be stated and passed upon." Also that Timothy A. Smith and A. Palmer Smith " be ordered and directed to pay to plaintiff whatever sum the said Smiths have received for rents of said premises over and above amount sufficient to satisfy said mortgage ; or, if the sum so received is insufficient to satisfy said mortgage or the amount due thereon, that the sum remaining due and unpaid be ascertained, which sum the plaintiff hereby offers to pay to the defendants; " and the plaintiff asks to " be permitted to redeem said premises from said mortgage, and have such other, further or different relief as may be agreeable to equity, or she may be entitled to as a matter of law, or the court may see fit to grant." The complaint was verified in August, 1891.

Timothy A. Smith and A. Palmer Smith served an answer to the complaint which contained several denials of the allegations of the complaint, and they allege they were in possession " of said premises in pursuance of an order of the court made in said foreclosure action ; that no final judgment has ever been rendered in said action, and that said action is still pending, and the defendants have never become liable to said Mary J. Cross, or to any other person, to account for the rents and profits of said premises." They also allege that on the 27th of August, 1877, they commenced an action to foreclose the mortgage referred to, and that the action, after issue joined, remained without any final judgment entered therein. The issues joined in this

action were referred and tried before the same referee and apparently at the same time that the action to foreclose the mortgage was tried. In this action the referee found that at the time of the execution and delivery of the mortgage Moses H. Cross and Samuel Wilson were co-partners in the grocery and butcher business in the city of Watertown, and that as such co-partners they were the owners of the mortgaged premises described in the complaint. He also found, viz.: " Said Moses H. Cross and Samuel Wilson applied to said Timothy Smith for a loan of money to be secured by a mortgage upon said premises. Said Smith declined to loan said Cross and said Wilson money upon a mortgage to be executed by them, and suggested that if one deeded to the other and the grantee gave back a mortgage, he (Smith) would buy such mortgage at a discount. Thereafter the said deed and mortgage hereinbefore mentioned were executed and delivered.

The said deed was executed and delivered by said Wilson to Moses H. Cross, and said mortgage executed by Cross and delivered to Wilson, for the purpose of raising money with which to pay the firm debts of Cross and Wilson, with intent on their part of borrowing money of the said Timothy Smith and disposing of the mortgage to him at a discount; that said mortgage was in form transferred by said Wilson to said Smith for the sum of $4,500. That the said mortgage and the said bond accompanying it, as between said Wilson and Cross, had no validity and inception, but the same were made for the purpose hereinbefore stated. That said Timothy Smith received an assignment of said bond and mortgage and advanced said $4,500 therefor, understanding they were *bona fide* and valid securities, relying upon the false representations of the mortgagor and mortgagee that they were valid securities given upon a full consideration and free from usury. That the said bond and mortgage were usurious. " After stating the accounts between the parties, treating the mortgage as valid in the hands of the assignees thereof for the sum of $4,500 and interest thereon, and, after allowing the expenditures made by the parties in possession of the mortgaged premises for taxes, insurance and repairs, the referee charged them with the receipts from the rents, issues and profits of the premises, and found that " On the first day of January, 1893, there was due said Smiths

on account of said mortgage the sum of $298.25." The referee further found that "During the year 1893 the said Smiths received in rents from said premises, over and above all sums expended by them on said premises during that year, the sum of $738, which overpaid the amount due said Smiths $422.11, January 1st, 1894. That during the year 1894, and up to March 1st that year, said Smiths received $108.96 over and above all sums paid out by them during that period. That there is due the plaintiff from said A. P. Smith and Lucy A. Smith, as administratrix of the estate of Timothy A. Smith, deceased, the sum of $531.07, with interest on $422.11 from January 1st, 1894, and interest on $108.96 from March 1st, 1894."

The referee found as conclusions of law, viz.: "1. That the plaintiff, Mary J. Cross, is entitled to a judgment or decree adjudging the bond and mortgage executed by the defendant Moses H. Cross on the 24th day of August, 1872, paid and satisfied; and that the same, together with the sheriff's deed above mentioned, be canceled of record.

"2. That the plaintiff is entitled to full restoration and possession of the premises described in the complaint.

"3. That she recover the sum of $531.07, with interest, * * * together with costs of this action."

Judgment was entered on the 14th day of August, 1894, in accordance with the findings of the referee. Several requests to find were made, to which the referee yielded, and several requests to find were made which he refused to find. Exceptions were served and filed.

Appellants challenge some of the findings made by the referee and insist that there is no evidence that Cross & Wilson applied to Smith for a loan, and he refused it and suggested the scheme of one party deeding to the other and the other giving a mortgage back, and he would purchase it at a discount. Moses H. Cross was called as a witness for the defendants, and testified that the firm of Cross & Wilson in 1872 was in debt; and this witness was asked the following question : " Q. State whether or not this bond and mortgage were made for the purpose of raising money ? [Objected to by defendants Smith as incompetent and immaterial. Objection overruled and defendants excepted.]" The witness answered, "It was

given for the purpose of getting money for the firm of Cross
& Wilson. Q. Was there any other consideration except for
the purpose of getting money for the firm? [Objected to by
defendants as incompetent and immaterial. Objection overruled
and defendants excepted.] A. There was not." The witness con-
tinued and said: "At the time the bond and mortgage were given
there was no dissolution of the firm; I went out of possession of
the premises on the appointment of James M. Carpenter as receiver."
We have stated all the objections that were made to the testimony
which we have quoted, and we think they were properly overruled.
It is true that at a later stage of the examination the defendants'
attorney moved to strike out the answers of the witness on the ground
that the evidence was incompetent and immaterial, " and on the
further ground that [the] answer involved a personal transaction and
communication between the witness and Timothy Smith, deceased,
and was, therefore, incompetent under section 829 of the Code." This
motion was denied and defendants excepted. According to the rule
laid down in *Levin* v. *Russell* (42 N. Y. 251), in the opinion of GRO-
VER, J., we think the motion was too late. In addition to the evi-
dence which we have already quoted, the plaintiff called Samuel
Wilson as a witness, who testified that he went into partnership with
Cross in April, 1865, and continued until the fall of 1872, and he
stated the purpose for which the deed was given by him to Moses
Cross in the following language: " It was given for the purpose of
raising money; the money was raised to pay our firm debts."
Thereupon the following questions were propounded to the witness:
" Q. State whether or not there was any other consideration between
you and Cross for the deed except it was made for the purpose of
raising money to pay the firm debts? [Objected to as incompetent
and immaterial. Objection overruled and defendants excepted.]
A. No, sir. Q. State whether or not it was agreed and consented
to between you and Cross, before you gave him the deed, that he
was to give back to you a mortgage for $5,000 and you should nego-
tiate the same and raise money on it to pay your firm debts?
[Objected to by defendants as incompetent and immaterial. Objec-
tion overruled and defendants excepted.] A. Yes, sir; that was
the agreement. Q. After the mortgage given from Cross to you
was disposed of, did Mr. Cross have the money? [Objected to as

incompetent and immaterial. Objection overruled and defendants excepted.] A. Yes, sir, most of it. Q. State, if you can, for what purpose the money was used ? [Objected by defendants as incompetent and immaterial. Objection overruled and defendants excepted.] A. It was used to pay our firm debts; I had part of it and Cross had part of it." We think the objections taken to the questions propounded which we have just quoted were not sufficient to present the question whether the evidence was objectionable under section 829 of the Code of Civil Procedure.

In *Stevens* v. *Brennan* (79 N. Y. 259) a general objection was made and overruled, and it was said the exception did not present the question as to the competency of the witness to testify under section 829 of the Code of Civil Procedure.

In *Sanford* v. *Ellithorpe* (14 Wkly. Dig. 154) it was held by the General Term of the third department in 1882 that "an objection to testimony inadmissible under section 829 of the Code of Civil Procedure, to be available on appeal, must be made in such terms as to call attention to that fact; an objection on the ground that it is 'incompetent and immaterial' is not sufficient." (*Somerville* v. *Crook*, 9 Hun, 668.) We think the finding complained of by the appellants is sustained by evidence, and, therefore, the case of *Sickles* v. *Flanagan* (79 N. Y. 224) does not apply to the case in hand. We think the evidence warranted the referee in finding that Timothy Smith purchased the bond and mortgage for $4,500 in good faith and in reliance upon representations made by the mortgagor and mortgagee that the bond and mortgage were valid and given for a full consideration free from usury, and that in his hands or in the hands of his assignee the same could be enforced for the amount of money that was advanced thereon. (*Miller* v. *Zeimer*, 111 N. Y. 441 ; *Payne* v. *Burnham*, 62 id. 69.)

(2) In June, 1891, when this action to redeem was commenced, according to the report of the referee, there was apparently due in the neighborhood of $1,500 on the mortgage, and the referee expressly states that on January 1, 1893, there remained due on the mortgage $298.25, and it was only by allowing the rents accruing after that date and just prior to the conclusion of the trial, that the referee reached a conclusion that the mortgage had been overpaid by the rents and profits. It appears by the referee's report that he

took the account for rents to March 1, 1894, and, having done so, reached the conclusion that the mortgage was overpaid. His report bears date July 12, 1894. In the second volume of Barbour's Chancery Practice, page 199, it is said : " As a general rule, a party coming into a court of equity to redeem pays costs to the defendant, in addition to the amount due upon the mortgage, although he obtains the relief prayed for; yet, if the defendant improperly resists the claim of the complainant to redeem, or sets up an unconscientious defense, he will be refused his costs, and may be compelled to pay costs to the adverse party, in the discretion of the court. * * * It is essential to a bill to redeem a mortgage that the complainant should offer to pay the debt, interest and costs." In the case in hand there was no tender in advance of the action of the amount due upon the mortgage.

In *Slee* v. *Manhattan Company* (1 Paige, 48) it was held, viz. : " Where a party files his bill to redeem, the general rule is that he must pay costs to the mortgagee, although he should be successful. There are, however, exceptions to this rule, as where the mortgagee sets up an unconscientious defense; in such case the mortgagee is not only refused costs, but must pay costs to the other party."

In *Benedict* v. *Gilman* (4 Paige, 58) it was held, viz. : " As a general rule, a party who is permitted to redeem mortgaged premises, whether he is plaintiff or defendant in the suit, must pay the costs of the suit, in addition to the amount due on the mortgage." The same rule was restated in *Vroom* v. *Ditmas* (4 Paige, 526). The rules relating to the exercise of discretion in equity cases were stated in *Couch* v. *Millard* (41 Hun, 215) and in *West* v. *The City of Utica* (71 id. 546), relating to costs in equity actions, and in the latter case it was held that the discretion exercised in an equity action as to costs may be reviewed. Following the case of *Rosa* v. *Jenkins* (31 Hun, 384).

In *Law* v. *McDonald* (9 Hun, 23) it was held that " Where, in an action in equity, each party succeeds as to part of the matters in litigation between them, costs are not allowed to either as against the other;" and that case was approved in *West* v. *The City of Utica* (*supra*). And in *Law* v. *McDonald* (*supra*) the judgment was " modified so as to be without costs to either party as against

the other." We think that rule should be applied to the case in hand.

The judgment should be modified by striking therefrom the award of costs to the plaintiff and by inserting a provision therein to the effect that neither party shall recover costs against the other, and, as so modified, affirmed, without costs of the appeal to either party. (See *West* v. *City of Utica, supra.*)

Martin and Merwin, JJ., concurred.

Judgment modified by striking therefrom the award of costs to the plaintiff and by inserting a provision therein to the effect that neither party shall recover costs against the other, and, as so modified, affirmed, without costs of the appeal to either party.