EWELL v. HUBBARD et al.

(Supreme Court, Appellate Division, Fourth Department. December 29, 1899.)

1. MORTGAGES—MERGER.
   On the death of mortgagor, defendant became the owner of six-sevenths of the property covered by the mortgage, and took an assignment of the mortgage and note. He subsequently transferred the mortgage as collateral security, and at one time made an arrangement whereby he was to take it up, which he never carried out. *Held*, not to show a merger, but an intent on part of defendant to keep the mortgage alive.

2. SAME—FORECLOSURE—ALLOWANCE OF TIME TO PAY JUDGMENT.
   An allowance of 10 days to defendant in foreclosure proceedings in which to pay the sum found due plaintiff, the amount allowed the guardian ad litem, and the expenses of sale, if any, is reasonable.

3. SAME—COSTS.
   An allowance of $40 to a guardian ad litem in foreclosure, and a direction that the sum be paid from the amount received from the sale of the property, is reasonable, and within the discretion of the court.

Appeal from Wyoming county court.

Action by Emma Ewell against David C. Hubbard and others. From a judgment in favor of plaintiff, defendants David C. Hubbard and Edward Walter Hubbard appeal. Affirmed.

The action was brought for the purpose of foreclosing a mortgage executed by Henry Hubbard, father of the defendant David C. Hubbard, given for purchase money. After the death of the mortgagor, the defendant David C. Hubbard became the owner of six-sevenths of the property covered by the mortgage, and he took an assignment of the mortgage, and subsequently assigned it to Charles F. Miller as security for the payment of a note of $350 upon which Miller had become surety for David C. Charles F. Miller subsequently assigned the mortgage and the note to one George M. Miller. After Miller had been obliged to take up the note, and while he was holding the note and the mortgage assigned to him as collateral security, a conversation was held between him and David C. Hubbard, resulting in an understanding that, if Hubbard would deliver to Miller a horse, valued and agreed to be worth $50, and pay, within a few days, $200, he (Miller) would surrender the note and mortgage. The horse was delivered. The money was not paid, and never has been paid. Miller subsequently assigned the mortgage, and the plaintiff became the owner of the same, together with the note to which it was collateral. The court has allowed the plaintiff to recover for the amount remaining due upon the note, and directed that the proceeds of the foreclosure be applied to pay the balance remaining due upon the note, and any further proceeds arising from the foreclosure to be delivered to David C. Hubbard.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, SPRING, and SMITH, JJ.

Brown & Coleman, for appellant David C. Hubbard.

Michael L. Coleman, guardian ad litem, for appellant Edward Walter Hubbard.

Botsford & Zwetsch, for respondent.

HARDIN, P. J. The appeal before us is only by David C. Hubbard and Edward Walter Hubbard, by guardian. There is no appeal by the plaintiff, and she cannot complain that costs of the action were not allowed to her, as, according to the usual course and practice, such costs might have been allowed to her.

2. There is no averment of a merger of the mortgage by the transfer of the same to David C. Hubbard. Whether a merger takes place depends upon the intention of the parties. Clift v. White, 12 N. Y. 519. The acts of David C. Hubbard in transferring the mortgage to secure his surety seems to indicate that he did not intend to have the mortgage merged, and that he intended that it should be kept alive, and a lien upon the premises, to a portion of which he had derived the title. Mrs. Clara Tompkins, in April, 1892, held a promissory note made by Hubbard, upon which C. F. Miller was surety for Hubbard, and on the 18th of April, 1892, Hubbard, by an instrument in writing, duly executed, assigned the mortgage to Charles F. Miller to secure him; and Charles F. Miller, prior to the 31st of July, 1894, paid the amount secured to be paid by the note to Mrs. Tompkins, the payee, who thereupon indorsed and delivered the note and mortgage to said Charles F. Miller, who died intestate, and his administratrix duly assigned the mortgage and delivered the note to George M. Miller. The court found, as matter of fact, viz.:

"That thereafter, and in or about the month of November, 1896, said defendant David C. Hubbard and said George M. Miller entered into an agreement, whereby said defendant David C. Hubbard agreed to pay to said George M. Miller the sum of two hundred dollars in money in a few days, to deliver to said George M. Miller a certain horse, the value of which was then fixed by the said defendant David C. Hubbard and the said Miller at fifty dollars; and said Miller agreed that, upon the said payment being made in the manner aforesaid, he would accept the same in full payment of said note, and surrender said mortgage."

We think that finding of fact was authorized by the evidence. Hubbard, however, never paid the $200, and therefore never became entitled to the full benefit of the negotiations had between him and George M. Miller. The $50, the value of the horse, has been indorsed upon the note, and is credited by the court. Subsequently, and on the 22d of December, 1896, George M. Miller sold and delivered the note, and by an instrument in writing duly assigned the mortgage to the plaintiff, and she thereby became the owner of the note and mortgage, and was entitled to enforce the same as against David C. Hubbard for the amount remaining unpaid upon the said note; and the court, upon satisfactory evidence, has so found. The trial court has also found that Harry Hubbard and Edward Walter Hubbard are each the owners of an equal undivided

one-fourteenth part of the premises covered by said mortgage, subject to the unadmeasured dower interest therein of the defendant Emma Hubbard. The trial court has found that the defendant David C. Hubbard is the owner of the remainder of said mortgage after satisfying from the proceeds of it the interest of the plaintiff therein, and that the plaintiff is entitled to hold the mortgage and the first proceeds arising from the foreclosure thereof as collateral security for the balance remaining unpaid upon the note; and has ordered judgment in accordance with such finding. He has found that the note and the interest amounts to $447.06, and directed judgment awarding to the plaintiff that sum, and provided that the defendant David C. Hubbard be paid the balance that may arise upon the foreclosure.

We see no occasion to disturb the findings of fact made by the trial court. This was an equity action, and the court exercised its discretion in respect to the award of costs; and, although he allowed no costs to the plaintiff, as the plaintiff, according to the usual course and practice, would be entitled to have had allowed, yet, as there is no appeal or question made by the plaintiff in that regard of the action of the court, there is no occasion to interfere with that part of the judgment. The court gave the defendant David C. Hubbard an option or opportunity to pay the plaintiff within 10 days after service of the entry of judgment, the sum found due to the plaintiff, and the sum allowed to the guardian ad litem, and the expenses of sale, if any, and thereupon to have a satisfaction and discharge of the judgment. We think that opportunity and option awarded to the defendant Hubbard were reasonable, and all that, under the circumstances disclosed by the evidence, he was entitled to receive at the hands of the court.

The court allowed $40 as costs to the guardian ad litem of the infant defendant Edward Walter Hubbard. That sum does not seem to be unreasonable, nor does it seem to be an improper exercise of discretion to direct that that sum be paid out of the proceeds of any sale which may be made. If David C. Hubbard had paid the note which he gave, which his surety was obliged to pay, he would have avoided the litigation which has ensued. He failed to make such payment, and it is not inequitable that he should bear the burden of the litigation which has ensued, including a suitable allowance rendered in behalf of the guardian ad litem of an infant defendant properly made a party to the action in order to cut off his right of redemption in the event the premises were sold under a decree to be entered in this case. He did not seem to be fortunate in disclosing the real rights and interests of the infant defendant, and his omission to make such disclosure early seems to have occasioned some delay, and been the cause of protracted litigation. We think, under the rule laid down in Cross v. Smith, 85 Hun, 49, 32 N. Y. Supp. 671, and cases there cited, that the court did not abuse its discretion in the premises in respect to the costs awarded to the guardian ad litem. The judgment should be affirmed, with costs of the appeal against David C. Hubbard personally.

Judgment affirmed, with costs against David C. Hubbard personally. All concur.