### PEOPLE ex rel. PURCELL v. SIMONSON et al.

(Supreme Court, Appellate Division, Second Department. November 15, 1901.)

CERTIORARI—SCHOOL BOARD—DISMISSING JANITOR.

New York City Charter, § 1075, provides that all janitors of public schools may be removed by the school board on complaint of certain persons. *Held*, that where complaint was made against a janitor, and she was removed after a hearing, such hearing did not render the action of the board judicial, so that certiorari would lie to review it.

Certiorari by the people, on the relation of Margaret E. Purcell, to review the action of F. De Haas Simonson and others, the school board of the borough of Queens, in dismissing relator from the position of janitor of public school No. 1, borough of Queens. Writ dismissed.

I. Newton Williams, for relator.
William J. Carr, for respondent.

SEWELL, J. The relator was appointed janitor of a public school in the year 1896, and was transferred to the service of the

school board of the borough of Queens by section 1536 of the Greater
New York charter (chapter 378, Laws 1897). In January, 1900, com-
plaint was made against her to the school board, charging her with
"entering the high school building at Long Island City and assault-
ing the janitor." The charges were referred to the committee on
school houses and sites, and the relator was notified to appear and
answer. She appeared with counsel before the committee at the
time and place mentioned in the notice, and the committee publicly
heard the proofs and allegations in support of the charge, and the evi-
dence offered by the relator. The committee determined and report-
ed that the relator was guilty as charged, and recommended a dis-
missal. The return shows that the charges and proceedings were
considered at a special meeting of the school board, that it was de-
termined that the relator was guilty, and that a resolution was passed
adopting the report of the committee, and dismissing the relator as
janitor.

It is claimed by the relator that the determination of the school
board was against the weight of evidence, that certain legal rules
were violated in the proceeding before the committee, and that the
action of the school board can be reviewed by certiorari. It is not
claimed that there is any statute that confers the right to the writ
for the purpose of reviewing the action of the school board in dismiss-
ing the relator, so the question arises whether the writ issued at
common law in cases of this character. People v. Brady, 166 N. Y.
44, 59 N. E. 701. The rule is elementary that a writ of certiorari is
appropriate only to review the judicial action of inferior courts, pub-
lic officers, or bodies exercising under the law judicial functions.
People v. Board of Sup'rs of Queens Co., 131 N. Y. 468, 30 N. E.
488; People v. Walter, 68 N. Y. 403. Prior to January 1, 1898, the
relator held her position at the pleasure of the appointing power, as
there was no statute declaring the tenure or term of employment, or
restricting the right of removal. People v. Thompson, 94 N. Y. 451;
People v. Robb, 126 N. Y. 182, 27 N. E. 267. The only statutory
provisions which have since affected this office or position are sec-
tion 1536 of the charter, under which janitors of public schools and
other subordinates continue, as before, removable at the pleasure of
the appointing power (People v. Cram, 164 N. Y. 166, 58 N. E. 112),
and section 1075, which is to the same effect. This section provides
that:

"Janitors shall be appointed by the school board on the nomination of the
superintendent of school buildings. All such nominations shall be from a
preferred list of duly qualified persons certified to and on file in the office
of superintendent of school buildings. Janitors may be removed by the
school board on complaint of the principal of the school, the superintendent
of school buildings, or a member of the school board."

The school board having the power to remove a janitor on the com-
plaint of one of its members, it follows that the relator was not en-
titled to a trial or judicial hearing before removal. The fact that she
was given a hearing, or that one of the by-laws of the school board
provided for a reference of all complaints and a hearing by a com-
mittee of its own body, did not make the action of the school board ju-

dicial. The evident purpose of the by-law in question was to regulate the procedure, and relieve the school board of inquiring or determining in respect to the truth of a charge. It does not profess to abrogate or restrict the power of the school board to summarily remove a janitor upon a complaint as provided in section 1075 of the charter, and that it was not intended to have that effect is apparent from the fact that this section is made one of the by-laws of the school board. The school board having complied with all the formalities of the statute, this court has no power to deal with the facts of the case, or review its action in removing the relator. As this leads to a dismissal of the writ, it is unnecessary to consider the other questions raised upon the argument.

The writ should be dismissed, with $10 costs and disbursements. All concur.