The People of the State of New York ex rel. Robert Chappel, Respondent, *v.* Gustav Lindenthal, as Commissioner of Bridges of the City of New York, Appellant.

*Civil service — abandonment of a bridge in New York city — its effect on the office and rights of the bridgetender, a veteran volunteer fireman.*

The abandonment of a bridge in the city of New York, on which a veteran volunteer fireman has been employed as a bridgetender, does not operate to abolish the office or position of bridgetender in the department of bridges or justify the commissioner of bridges in discharging the veteran volunteer fireman while others, not within the protection of the statute (Laws of 1899, chap. 370, § 21), are permitted to hold similar places at other bridges.

Appeal by the defendant, Gustav Lindenthal, as commissioner of bridges of the city of New York, from an order of the Supreme Court, made at the Queens County Special Term and entered in the office of the clerk of the county of Queens on the 9th day of July, 1902, directing the issuance of a peremptory writ of mandamus.

*James McKeen* [ *Walter S. Brewster* with him on the brief], for the appellant.

*George L. Glaser*, for the respondent.

Woodward, J. :

The relator, Robert Chappel, moved at Special Term for a peremptory writ of mandamus to compel the appellant to reinstate him in his former position as a bridgetender. The answer of the appellant raises no issue of fact, and under the provisions of section 2070 of the Code of Civil Procedure the court had authority

to issue the writ, and upon this appeal we discover no reason for reversing the order.   Section 21 of chapter 370 of the Laws of 1899 provides that " No person holding a position by appointment or employment in the State of New York or in the several cities, counties, towns or villages thereof,   *   *   *   who shall have served the term required by law in the volunteer fire department of any city, town or village in the State   *   *   *   shall be removed from such position or employment, except for incompetency or misconduct shown after a hearing, upon due notice, upon stated charges and with the right to such employee or appointee to a review by a writ of certiorari."   The relator alleged the facts necessary to bring him within the provisions of the statute, the validity of which, in so far as it affects volunteer firemen, not being questioned, and in the absence of a denial of the facts alleged the relator is clearly entitled to the relief demanded.

We agree with the learned court at Special Term that the case at bar is within the principles and reasoning applied in *Matter of Stutzbach* v. *Coler* (168 N. Y. 416), and that it is distinguishable from *Matter of Breckenridge* (160 id. 103).   In the latter case the office was alleged to have been abolished in good faith on the part of the appellant, and as the relator elected to stand upon the question of law rather than controvert the matter pleaded in defense, the question was treated from this standpoint.   The court says: " I do not think we should impute to the Legislature the absurdity of intending to saddle an unnecessary officeholder upon the city ; or the injustice of intending that some faithful and, possibly, more efficient officer, who happens not to be a veteran, must be discharged to make room for the incumbent of the abolished office."

In the case at bar the relator alleges that the office or position of bridgetender has not been abolished, and that others, not veterans, have been retained in the like positions while he has been discharged. This allegation is not denied, except that the defendant alleges that there is no work to be done at the Grand street bridge where the relator was formerly employed.   This does not go to the extent of denying that there is similar work to be done at other places within the jurisdiction of the department of bridges.   We are of opinion that the mere fact that the Grand street bridge has been abandoned does not operate to abolish the office or position of bridgetender in

the department so that the relator may be denied employment, while others, not within the protection of the statute, are permitted to hold similar places at other bridges. If the office or position of bridgetender in the department had been abolished in good faith, it would then be incumbent on the relator to show that there was some other position of equal emoluments which he might fill, but, under the circumstances of this case, he has established that the office or position has not been abolished and that others are retained, while he, a veteran fireman, has been dismissed. Under the statute he is, therefore, entitled to the peremptory writ.

The order appealed from should be affirmed, with costs.

GOODRICH, P. J., BARTLETT, HIRSCHBERG and JENKS, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.