(86 App. Div. 270.)

PEOPLE ex rel. RYAN v. WELLS et al.

(Supreme Court, Appellate Division, Second Department. July 24, 1903.)

1. MUNICIPAL CORPORATIONS—OFFICERS—REMOVAL—DEPUTY TAX COMMISSION-
ERS.

Civil Service Law, Laws 1902, p. 805, c. 270, § 21, provides that no per-
son holding a position by appointment in the state or city, who shall have
served the term required by law in the voluntary fire department of
a city, shall be removed except for incompetency or misconduct shown
after a hearing on due notice, and that nothing in the section shall
apply to the position of "deputy" of any official or department. *Held*,
that the word "deputy," as used in the exception of the statute, re-
ferred to persons holding a strictly confidential relation to the appoint-
ing power, and did not apply to or include a deputy tax commissioner
in the department of taxes or assessments in the city of New York, who
was a veteran fireman, so as to authorize his removal without a com-
pliance with such section.

2. SAME—HEARING.

Civil Service Law, Laws 1902, p. 805, c. 270, § 21, provides that city
officers holding a position by appointment shall not be removed except for
incompetency or misconduct shown after hearing on due notice. *Held*,
that a proceeding against a deputy tax commissioner before the com-
missioners to remove him for incompetency, at which no witnesses were
sworn, and accused merely appeared in his own behalf and made an
unsworn statement, and answered questions put to him by two of the
commissioners who were present, was not such a hearing as was re-
quired by the statute to authorize the officer's removal.

3. SAME—REVIEW—CERTIORARI.

Civil Service Law, Laws 1902, p. 805, c. 270, § 21, provides that no
person holding a position of appointment or employment in any city,
who shall have served the time required by law in the volunteer fire
department of any city, shall be removed from such position or employ-
ment except for incompetency or misconduct shown after hearing on due
notice, on stated charges, with the right to review by writ of certiorari.
*Held*, that where a deputy tax commissioner who had served the time
required by law in the volunteer fire department of the city of Brooklyn
before his appointment pursuant to a competitive civil service examina-
tion was removed without a hearing as required by such section, he was
entitled to a review of such removal on certiorari.

Goodrich, P. J., dissenting.

Certiorari by the people, on relation of Michael Ryan, against James
L. Wells and others, composing the board of taxes and assessments of
the city of New York, to review relator's removal from the office of
deputy tax commissioner in the department of taxes and assessments
in the city of New York. Order of removal reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOOD-
WARD, HIRSCHBERG, and HOOKER, JJ.

Robert H. Elder, for relator.
James McKeen (Walter S. Brewster, on the brief), for respondents.

WILLARD BARTLETT, J. The relator held the position of a
deputy tax commissioner in the department of taxes and assessments
of the city of New York. He was removed by the board of taxes and
assessments on May 1, 1902, for alleged incompetency, after having
been allowed an opportunity to make an explanation. He had been

appointed pursuant to a competitive civil service examination,.and had served the time required by law in the volunteer fire department of the city of Brooklyn. His status as a veteran fireman, therefore, entitled him to the protection afforded by section 21 of the civil service law (Laws 1902, p. 805, c. 270), unless he was a deputy of an official or department, within the meaning of that section.

In the case of The People ex rel. Conway v. Barker, 14 Misc. Rep. 360, 35 N. Y. Supp. 727, it was held by Mr. Justice Beekman, sitting at Special Term in the First District, that a deputy tax commissioner in the department of taxes and assessments in New York City was not a deputy within the meaning of chapter 577, p. 1117, of the Laws of 1892, which prohibited the removal of veterans except for cause shown after a hearing had, but contained a proviso that the prohibition should "not be construed to apply to the position of private secretary or chief clerk or deputy of any official or department, or to any other person holding a confidential relation to the appointing officer." The reasoning of Judge Beekman's opinion seems to me clear and convincing, and I cannot see why it is not just as applicable to section 21 of the civil service law, as amended in 1902, as it was to the act of 1897. Section 21 provides that nothing therein "shall be construed to apply to the position of private secretary or deputy of any official or department." The words "or to any other person holding a strictly confidential relation to the appointing power" are omitted, and by reason of this omission it is argued that the Legislature intended to employ the word "deputy" in a broader sense than that in which it was employed under the previous enactment. Notwithstanding this omission, however, I am of opinion that the deputies intended to be excluded from the protection of section 21 are only such as occupy a confidential relation to the head of the department. This is not the case with the deputy tax commissioners in the city of New York. The number of these officers under the existing charter may be as great as 40 (Revised Greater New York Charter, § 887 [Laws 1901, p. 377, c. 466]), and, as Mr. Justice Beekman says, "there is absolutely nothing which expresses the slightest purpose, on the part of the Legislature, to place them, or any of them, under any circumstances, in the position of their official superiors, or to confer upon them the right at any time to perform any of the functions immediately belonging to the board of commissioners, which constitute the head of the department of taxes and assessments."

The relator, not being a "deputy" in the proper sense of the word, within the meaning of the civil service law, could not be removed from his position "except for incompetency or misconduct shown after a hearing upon due notice upon stated charges." The proceeding against him before the commissioners, as set out in this record, was not, in my opinion, the statutory hearing thus provided for. No witnesses were sworn; Mr. Ryan merely appeared in his own behalf, and made an unsworn statement, and answered questions put to him by two of the commissioners of taxes who were present. But, even if the proceeding be regarded as the statutory hearing, the evidence is utterly insufficient to establish the charge of incompetency. Indeed, it is impossible to gather any clear understanding of what it means, in

the absence of the books referred to by the relator in his statement, and by the commissioners in questioning him, and the contents of these books are nowhere set out in the appeal papers.

The civil service law expressly provides for a review by writ of certiorari of the removal of a veteran fireman entitled to the protection given by section 21. If I am right in the view that the relator comes within the purview of that section, there is no doubt of the jurisdiction of the court in this proceeding, and the determination should be annulled, either on the ground that the relator has not been afforded a hearing upon due notice upon stated charges, to which he is entitled, or, if the proceeding against him be deemed such a hearing, on the ground that the evidence returned to this court fails to establish the charge of incompetency against him.

Determination annulled, with $10 costs and disbursements. All concur, except GOODRICH, P. J., who dissents.

GOODRICH, P. J. (dissenting). The relator has obtained a writ of certiorari to review the proceedings and action of the board of taxes of the city of New York in dismissing him from the position of deputy tax commissioner, to which he was appointed in June, 1898, after competitive civil service examination. His petition alleges the following facts:

On April 10, 1902, a resolution was passed by the board of taxes and assessments, as follows:

"Resolved, that Michael Ryan be, and he is hereby, removed from the office or position of deputy tax commissioner in this department. That a notice, as required by the Municipal Civil Service Rules (rule 42), be served upon him, together with a copy of such cause of removal, and that a copy of such notice, together with a statement of the cause of removal, be filed with the municipal civil service commission in conformity with said rules. And further, that he be afforded an opportunity to present an explanation of the cause of such removal to the head of the department of taxes and assessments on April 16, 1902, at three o'clock in the afternoon; and in default of satisfactory explanation said removal to be valid."

On April 11th the relator received a letter which reads:

"Sir: You have been charged with incompetency in the performance of the duties of deputy tax commissioner, specifications of which are, that you have been careless and negligent in the making of assessments and the making of the records of the same, showing that the transcripts, also, of the records have not been carefully compared, and footings of columns of figures were made without adding up columns. You will be allowed an opportunity to make an explanation in regard to the said charge on April 16, 1902, at three o'clock in the afternoon, at the main office of this Department, 280 Broadway, New York City.

"Respectfully,            James L. Wells, President."

On that day he appeared before the board, which stated that opportunity to make an explanation was accorded to him. He made a statement, and was then examined by the board. On April 23d the board passed the following resolution:

"Resolved, that the explanation made before this board, April 16, 1902, in answer to the cause of removal of Deputy Tax Commissioner Michael Ryan, proving unsatisfactory, said removal is hereby confirmed."

On April 28th the board passed a resolution, which on the same day was transmitted to the relator:

"On motion of Commissioner Strasbourger, the resolution of the previous meeting confirming the removal of Deputy Tax Commissioner Michael Ryan was given further consideration; and subsequently said removal was confirmed, to take effect May 1, 1902. Adopted."

The relator was a veteran volunteer fireman in the public service, and in November, 1901, filed with the department a certified copy of his exempt fireman's certificate. His contention is that under the civil service law he could be removed only upon proof of his incompetency, and that there was no such proof before the board. The respondents contend that he was a "deputy," and therefore not protected by section 21 of the civil service law, as amended by chapter 270, p. 805, Laws 1902, which became a law on March 29, 1902. This section provides that no person holding a position by appointment in the state or city shall be removed from such position except for incompetency or misconduct shown after a hearing upon due notice, upon stated charges, and with the right to the appointee to review by a writ of certiorari; that the burden of proving incompetency or misconduct shall be upon the person alleging the same; and that nothing in the section "shall be construed to apply to the position of private secretary or deputy of any official or department."

It is significant that the statute of 1902 struck out the words which appeared in the previous statute (chapter 370, p. 809, Laws 1899) immediately following the quotation, viz., "or to any other person holding a strictly confidential relation to the appointing officer." We are therefore left without any definition by association of the word "deputy" with the words "confidential relation." Counsel have cited dictionary definitions of the word "deputy," but we do not deem this essential, because the charter expressly states that the appointees are "to be known as deputy tax commissioners," and the civil service act of 1902 uses the words "deputy of any official or department." It is manifest that the Legislature intended that these words in the two statutes should relate to the same kind of position, that is, to all deputies in the departments of the city of New York.

The Greater New York Charter, as it existed when the relator was appointed (chapter 378, p. 316, Laws 1897), by section 887 authorized the board of taxes and assessments to "appoint persons to be known as deputy tax commissioners * * * who shall perform, under the direction and supervision of the board of taxes and assessments, such duties as the said board shall prescribe. * * * Such deputy tax commissioners shall hold their office during the pleasure of the said board * * * and shall be subject to removal by the said board as deputies in the other city departments."

Section 887 of the amended charter of 1901, Laws 1901, p. 377, c. 466, does not contain the clause as to removal above quoted, possibly because it was found that section 1543 of the original charter, which also appears in the amended charter, contained a general provision on the subject relating to all the departments. As the provision as to removal quoted from section 887 in the original charter does not ap-

pear in the amended charter, we must refer to section 1543, p. 636, as to the power of removal.   It provides:

"The heads of all departments and all borough presidents (except as otherwise specially provided) shall have power to appoint and remove all chiefs of bureaus (except the chamberlain), as also all clerks, officers, employés and subordinates in their respective departments, except as herein otherwise specially provided, without reference to the tenure of office of any existing appointee.   But no regular clerk or head of a bureau, or person holding a position in the classified municipal civil service subject to competitive examination, shall be removed until he has been allowed an opportunity of making an explanation; and in every case of a removal, the true grounds thereof shall be forthwith entered upon the records of the department or board or borough president, and a copy filed with the municipal civil service.   In case of removal, a statement showing the reason therefor shall be filed in the department."

The word "deputy" does not appear in this section, but it is evident that the position is included in the words "officers" and "subordinates," or the expression "person holding a position in the classified municipal service subject to competitive examination."   Hence the board had the power of removal of the relator, subject only to allowing him an opportunity for explanation, the entry and filing of the true grounds and the reason of his removal in the records of the department, and the filing of a copy with the municipal civil service commission.   The petition and return show that all of these requirements were complied with.

Besides, by the Constitution (article 10, § 3), where the duration of any office is not provided by the Constitution, it may be declared by law, and, if not so declared, such office shall be held during the pleasure of the authority making the appointment.   See, also, People ex rel. Cline v. Robb, 126 N. Y. 180, 27 N. E. 267, and People ex rel. Percival v. Cram, 164 N. Y. 166, 58 N. E. 112, which apply this provision to appointments by other departments of the city.

There is another and fatal objection to the relator's right to the writ of certiorari.   Section 2120 of the Code of Civil Procedure provides that a writ of certiorari to review the determination of a body or officer can be issued only where the right to the writ or the issue thereof is expressly conferred by statute, or where a writ may be issued at common law and such right has not been taken away by statute.   No statutory provision exists for the issue of the writ to review the act of the defendants in removing the relator, and hence we are left to the question whether the writ could issue at common law.   Upon this question we have abundant authority.   In People ex rel. Kennedy v. Brady, 166 N. Y. 44, 59 N. E. 701, the court said (page 47, 166 N. Y., page 702, 59 N. E.) that at common law "official acts, executive, legislative, administrative, or ministerial in their nature or character, were never subject to review by certiorari.   The writ could be issued only for the purpose of reviewing some judicial act."   In that case, the relator was a messenger in the department of buildings of the city of New York, holding a position subject to competitive examination under the civil service law.   Chapter 186, p. 446, Laws 1898.   That statute provided that, if such a person is removed, the reasons must be stated in writing and filed with the head of the department, and that the person so removed should have an op-

portunity to make an explanation. The commissioner made an·order dismissing the messenger, and filed a written statement of the reasons therefor, and gave the relator an opportunity to make an explanation. The court held (page 47, 166 N. Y., page 702, 59 N. E.):

"The sole question, therefore, is whether the official act of the defendant in removing the relator was a judicial act in nature or character. Unless it was, the court below had no power to review it upon certiorari. The relator was entitled to an opportunity to make an explanation, and this he had. He was entitled to have the reasons for his removal expressed in writing and filed in the department, and this provision of the statute was complied with. He was not entitled to be sworn, or to introduce witnesses with respect to the truth or merits·of the reasons which were assigned for his removal. He was not entitled to a trial or a judicial hearing, and, manifestly, there was no trial or judicial hearing before the commissioner. The statute simply provides that in such cases removals, when made, shall be accompanied with certain formalities, and if these formalities are not complied with the party removed has a right to complain, and the action of the commissioner in such cases may be corrected, since there is no jurisdiction, and consequently it is an error of law to make the removal without complying with the statute. But there is no statute and no rule of law that gives the right to the relator to review the merits of the case upon the facts, since the power of removal is conferred upon the commissioner in the broadest terms, subject to no limitation whatever, except that embodied in the statute, which requires the reasons to be stated in writing and filed, and an opportunity for an explanation given. That is the law on the subject which was laid down by this court in the case of People ex rel. Keech v. Thompson, 94 N. Y. 451."

It was further held that the commissioner could make the removal upon facts within his own knowledge, but that the grounds of removal must be substantial, not frivolous, and that the "sufficiency of the relator's explanation was a question for the commissioner alone to determine, and the courts have no power to interfere with his dis-·cretion in that regard." Page 49, 166 N. Y., page 703, 59 N.· E.

If it were necessary to cite other authority, we might refer to People ex rel. Scheel v. Guilfoyle, 65 App. Div. 498, 72 N. Y. Supp. 891, where it was held that the fact that the commissioner had granted the inspector a hearing upon charges preferred against him, when he was not bound to do so, did not make the proceeding a judicial one, or confer upon the relator any right to a writ of certiorari. See, also, to the same effect, People ex rel. Purcell v. Simonson, 66 App. Div. 18, 72 N. Y. Supp. 957.

I am therefore of the opinion that we have no power on certiorari to review the proceedings for the removal of the relator, and that the writ should be dismissed.