(44 Misc. Rep. 526.)

PEOPLE ex rel. BLAIR v. GROUT, City Comptroller.

(Supreme Court, Special Term, New York County. July, 1904.)

1. MUNICIPAL CORPORATIONS—VETERAN EMPLOYÉS—UNLAWFUL REMOVAL—CONSTITUTIONAL LAW.

Laws 1904, p. 1513, c. 637, provides that where a veteran has been unlawfully removed from an appointment or employment in the state, or in any municipality thereof, and restored by mandamus under Civil Service Law, § 21 (Laws 1899, p. 809, c. 370), he shall receive the same compensation from the date of his removal to the date of his restoration which he would have been entitled to receive but for such removal. Held, that the act is not in violation of Const. art. 8, § 10, prohibiting the giving of any money or property of a city to an individual.

2. SAME.

Laws 1904, p. 1513, c. 637, providing for compensation of veterans unlawfully removed from office, pending such removal, is not a violation of Const. art. 5, § 9, providing for appointments and promotions in the civil service, in that the statute only relates to compensation.

Application by the people, on the relation of George Blair, for writ of mandamus to Edward M. Grout, comptroller of the city of New York. Motion granted.

Philip P. Gardiner (Asa Bird Gardiner, of counsel), for the motion.
John J. Delany, Corp. Counsel (John F. O'Brien, of counsel), opposed.

GIEGERICH, J. The relator, who is a veteran of the War of the Rebellion, seeks to compel the comptroller, by mandamus, to pay salary claimed to be due between March 7, 1902, and February 5, 1903. On

the former date the commissioner of public charities removed the relator, who subsequently obtained an order of reinstatement, which was served on the municipal authorities on the 5th day of February, 1903. Upon appeal this order was affirmed by the Appellate Division (83 N. Y. Supp. 1113) and by the Court of Appeals (68 N. E. 1122). The relator has been paid his salary subsequent to February 5, 1903, and the only question in issue is whether he is entitled to be paid for the interval pending his removal and the service of the order for reinstatement. It is undisputed that another filled the position during the period in question, and has received and receipted for the salary attached thereto. Under the law established in such cases, payment to the de facto incumbent of a position prior to the notice to the municipality of the irregularity of the removal furnishes a complete defense against any claim for such salary on the part of the officer removed. McVeany v. Mayor, 80 N. Y. 185, 36 Am. Rep. 600; Martin v. City of New York, 176 N. Y. 371, 68 N. E. 640; Jones v. City of Buffalo, 178 N. Y. 45, 70 N. E. 99. The present application, however, does not have to be determined upon the general principle of law enunciated in the above authorities, but is covered by chapter 637, p. 1513, of the Laws of 1904, which provides that any veteran of the War of the Rebellion unlawfully removed from any position held by him by appointment or employment in the state of New York, or in the several cities thereof, and who shall have been restored to such position or employment by a peremptory writ of mandamus, as authorized by section 21 of the civil service act (Laws 1899, p. 809, c. 370), "shall be entitled to receive and shall receive from said state or the city, county, town or village thereof under which said position or employment was held by him, the same compensation therefor from the date of such unlawful removal to the date of his said restoration to said position or employment which he would have been entitled by law to have received in such position or employment but for such unlawful removal, and such veteran shall be entitled to a writ of mandamus to enforce the payment thereof." On behalf of the respondent, it is urged that this law is unconstitutional, in that it compels the city to bestow a gratuity upon the relator, contrary to article 8, § 10, of the Constitution, which prohibits the giving of any money or property of the city to or in aid of an individual. In Bush v. Board of Supervisors, 159 N. Y. 212, 53 N. E. 1121, 45 L. R. A. 556, 70 Am. St. Rep. 538, it was held that the Legislature had no power, under the inhibition of the constitutional provision mentioned, to impose a tax for the payment of claims which there was no legal or moral obligation to pay. The respondent, indeed, does not deny that the act would be constitutional if there were any moral obligation on the part of the city to make the payment. That there is not such a moral obligation I am unwilling to hold, where, as here, the officer has been wrongfully removed.

The respondent also contends that the act in question is in violation of another section of the state Constitution, namely, article 5, § 9, which provides as follows:

"Appointments and promotions in the civil service of the state, and of all the civil divisions thereof, including cities and villages, shall be made according to merit and fitness, to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive; provided, however, that honorably discharged soldiers and sailors from the army and navy of the

United States in the late Civil War, who are citizens and residents of this state, shall be entitled to preference in appointment and promotion, without regard to their standing on any list from which such appointment or promotion may be made. Laws shall be made to provide for the enforcement of this section."

The argument on this point is that the act in question relates to compensation, and not to appointment or promotion, and therefore is not authorized by the Constitution. It should be observed, however, that the civil service act (Laws 1899, p. 809, c. 370, § 21, as amended by chapter 270, p. 805, Laws 1902) prescribes as follows:

"Sec. 21. Power of Removal Limited. Every person whose rights may be in any way prejudiced contrary to any of the provisions of this section shall be entitled to a writ of mandamus to remedy the wrong. No person holding a position by appointment or employment in the state of New York or in the several cities, counties, towns or villages thereof, who is an honorably discharged soldier, sailor or marine, having served as such in the Union army or navy during the War of the Rebellion, and who is an honorably discharged soldier, sailor or marine, having served as such in the volunteer army or navy of the United States during the Spanish War, or who shall have served the term required by law in the volunteer fire department of any city, town or village in the state, or who shall have been a member thereof at the time of disbandment of such volunteer fire department, shall be removed from such position or employment except for incompetency or misconduct shown after a hearing upon due notice, upon stated charges and with the right to such employee or appointee to a review by a writ of certiorari. If the position so held by any such honorably discharged soldier, sailor or marine, or volunteer fireman shall become unnecessary or be abolished for reason of economy or otherwise, the said honorably discharged soldier, sailor or marine, or volunteer fireman holding the same shall not be discharged from the public service, but shall be transferred to any branch of the said service for duty in such position as he may be fitted to fill receiving the same compensation therefor, and it is hereby made the duty of all persons clothed with power of appointment to make such transfer effective. The burden of proving incompetency or misconduct shall be upon the person alleging the same. Nothing in this section shall be construed to apply to the position of private secretary, cashier or deputy of any official or department."

It might be argued with equal force that such directions as to removal, retention in office and compensation are likewise outside of the permission of the portion of the state Constitution just quoted, but nevertheless those discriminating directions have been before the courts, and have been recognized and enforced. See People ex rel. Ryan v. Wells, 86 App. Div. 270, 83 N. Y. Supp. 789, reversed, on other grounds, 176 N. Y. 462, 68 N. E. 883; also People ex rel. Chappel v. Lindenthal, 79 App. Div. 43, 79 N. Y. Supp. 828, reversed, on other grounds, 173 N. Y. 524, 66 N. E. 407. Such being the circumstances, I do not feel that a judge at Special Term should declare the act in question unconstitutional. The motion is therefore granted.

Motion granted.