HUDSON G. BUSH, Respondent, *v.* THE BOARD OF SUPERVISORS OF THE COUNTY OF ORANGE et al., Defendants; HIRAM T. OSTRANDER et al., Appellants.

UNCONSTITUTIONALITY OF ACT FOR PAYMENTS TO DRAFTED MEN BY TAXATION. Chapter 664 of the Laws of 1892, which purports to authorize the supervisors of the several counties. upon a petition of a majority of the taxpayers of the county or of a city or town, to raise by ordinary taxation the money needed to pay any drafted man who served personally in the Civil war, or furnished a substitute, or paid commutation money, or to the heirs of any such man, the sum of $300, with interest, transcends the taxing power of the legislature, is violative of the provisions of the Constitution which forbid any county, city, town or village to give any money or property to or in aid of any individual, or to incur any indebtedness except for county, city, town or village purposes, and is wholly void.

*Bush* v. *Bd. of Suprs.*, 10 App. Div. 542, affirmed.

(Submitted May 9, 1899; decided June 6, 1899.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 30, 1896, affirming a judgment of Special Term entered upon a decision overruling a demurrer to the plaintiff's complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*F. R. Gilbert* and *William Hull* for appellants. Chapter 664 of the Laws of 1892 is constitutional. (*Taber* v. *Bd. Suprs.*, 131 N. Y. 438.) Acts of the legislature of this character have been passed upon by the courts of this state, and judicially recognized as binding upon the localities to which they relate. (*People ex rel.* v. *Town Auditors*, 53 Barb. 555; 38 How. Pr. 23.) The legislature has the right, by proper enactment, to authorize the taxpayers in a town to recognize the equity existing in favor of a drafted man in this regard, and, if so recognized, it has the right to authorize the levying of a tax for the repayment of the amount actually paid by

him. (*People* v. *H. Ins. Co.*, 92 N. Y. 337; *Hills* v. *P. S. Bank*, 101 N. Y. 497; *Town of Guilford* v. *Bd. Suprs.*, 13 N. Y. 143; *Genet* v. *City of Brooklyn*, 99 N. Y. 306; Cooley on Const. Lim. [6th ed.] 275, 276, 599; *Broadhead* v. *City of Milwaukee*, 19 Wis. 634; *Speir* v. *School Directors*, 50 Penn. St. 150; *Booth* v. *Woodbury*, 32 Conn. 118; *People ex rel.* v. *Town Auditors*, 53 Barb. 555; *People ex rel.* v. *Hawkins*, 46 N. Y. 9.) It is a matter involving the public welfare and interest that the quota of troops called for from a municipal district, under an impending and unexecuted draft should be filled by volunteers. (*Weister* v. *Hade*, 52 Penn. St. 474; *Coffman* v. *Keightley*, 24 Ind. 509; *City of Lowell* v. *Oliver*, 8 Allen, 247; *Conner* v. *Folson*, 13 Minn. 218; *Slate* v. *Demarest*, 32 N. J. 528; *Taylor* v. *Thompson*, 42 Ill. 9; *Stebbins* v. *Leaman*, 47 Ill. 352; *Barber* v. *Camden*, 51 Me. 608; *Hart* v. *Holden*, 55 Me. 572; *Broadhead* v. *City of Milwaukee*, 19 Wis. 624.) The legislature has power to legislate retroactively. (*Weister* v. *Hade*, 52 Penn. St. 474; *City of Lowell* v. *Oliver*, 8 Allen, 247; *Barber* v. *Camden*, 51 Me. 608; *Hart* v. *Holden*, 55 Me. 572; *Broadhead* v. *City of Milwaukee*, 19 Wis. 624; *Waldo* v. *Town of Portland*, 33 Conn. 363; *Butler* v. *Town of Putney*, 43 Vt. 481; *Cox* v. *Town of Mt. Tabor*, 41 Vt. 28; *Laughton* v. *Putney*, 43 Vt. 483; *People ex rel.* v. *Town Auditors*, 53 Barb. 555.) The law will be presumed constitutional. (*Speir* v. *School Directors*, 50 Penn. St. 150; *Weister* v. *Hade*, 52 Penn. St. 474; *Oliver* v. *Keightly*, 24 Ind. 509; *Fletcher* v. *Peck*, 6 Cranch, 87; Cooley on Const. Lim. [6th ed.] 279; *G. E. R. Co.* v. *Anderson*, 3 Abb. [N. C.] 434; *Matters of N. Y. E. R. R. Co.*, 70 N. Y. 327; *People* v. *Bd. Suprs.*, 17 N. Y. 235; *Matter of M'Collum*, 1 Cow. 550; *People ex rel.* v. *Terry*, 108 N. Y. 1; *People ex rel.* v. *Rice*, 135 N. Y. 473; *People ex rel.* v. *Dayton*, 55 N. Y. 367.) When the legislature passed the law in question, it found the claim of the drafted men a just and equitable one; and when it submitted the questions of payment and taxation to a vote of the taxpayers of the town

affected, it provided a further tribunal for the trial of the equity of such claim; the town of Woodbury has also decided the question in the affirmative, and the decisions are final; and when they are regular upon their face, such determinations cannot be attacked in such an action as was brought by the plaintiff. (*Pierce* v. *Wright,* 6 Lans. 306; 45 How. Pr. 1.)

*William D. Guthrie* and *Carl A. de Gersdorff* for respondent. It was the personal duty of drafted men, as citizens of the United States, to render military service. No valid tax can be laid upon the plaintiff's property to reimburse any drafted man, who, without any promise from town or state, and solely in order to avoid performing military duty, paid for a substitute and thereby received immunity from military service. (13 U. S. Stat. at Large, 7; Cooley on Const. Lim. [6th ed.] 280; L. 1892, ch. 644; *People* v. *Bd. Suprs.,* 43 N. Y. 130; *Taber* v. *Bd. Suprs.,* 131 N. Y. 432; *Freeland* v. *Hastings,* 10 Allen, 570; *Mead* v. *Acton,* 139 Mass. 341; *Perkins* v. *Milford,* 59 Me. 315; *Moulton* v. *Raymond,* 60 Me. 121; *Kelly* v. *Marshall,* 69 Penn. St. 319; *Ferguson* v. *Landram,* 1 Bush, 548; *Johnson* v. *Campbell,* 49 Ill. 316; *Washington County* v. *Berwick,* 56 Penn. St. 466.) The power of taxation vested in the legislature can only be exercised for a public purpose, and taxation for the payment of gratuities to individuals is unconstitutional and void. (*Loan Association* v. *Topeka,* 20 Wall. 655; *Bertholf* v. *O'Reilly,* 74 N. Y. 509; *Spencer* v. *Merchant,* 100 N. Y. 585; *Lowell* v. *Boston,* 111 Mass. 454; *Deering & Co.* v. *Peterson,* 77 N. W. Rep. 568; *Allen* v. *Inhabitants of Jay,* 60 Me. 120; *Baldwin* v. *Mayor, etc.,* 2 Keyes, 387; *Weismer* v. *Vil. of Douglas,* 64 N. Y. 91; *Matter of Jacobs,* 98 N. Y. 98; *Matter of Burns,* 155 N. Y. 23; *Board of Education* v. *State,* 51 Ohio St. 531.) The act of 1892 is unconstitutional and void because in conflict with section 10, article 8 of the State Constitution. (*White* v. *Inebriates' Home,* 141 N. Y. 123; *S. P. Co.* v. *Mayor, etc.,* 152 N. Y. 257; *Brown* v. *Mary-*

*land,* 12 Wheat. 419 ; *People ex rel.* v. *Howland,* 155 N. Y. 270; *Falconer* v. *B. & J. R. R. Co.,* 69 N. Y. 491 ; *People ex rel.* v. *Trustees, etc.,* 70 N. Y. 28.)   The act of 1892, unconstitutional in itself, cannot be upheld by equities in individual cases, or by reference to chapter 29, Laws of 1865, and payments made thereunder to the counties or towns of the state. *(Stuart* v. *Palmer,* 74 N. Y. 183 ; *Coxe* v. *State,* 144 N. Y. 396 ; *Montana Co.* v. *S. L. M., etc., Co.,* 152 U. S. 160 ; *Colon* v. *Lisk,* 153 N. Y. 188 ; *Matter of S. M. Street,* 67 Hun, 594 ; *Woodward* v. *Bd. Suprs.,* 30 N. E. Rep. 181.)

*Per Curiam.*   This was a taxpayer's action to restrain the board of supervisors from proceeding to levy a tax upon one of the towns of Orange county, in order to pay the claims of certain persons or their heirs, who were drafted into the military service of the United States, or had commuted in lieu of such service, under the act of Congress of March 3, 1863, entitled, " An act for enrolling and calling out the national forces, and for other purposes."   The parties seeking to enforce the claims proceeded regularly under the provisions of chapter 664 of the Laws of 1892.   It will be seen that under the provisions of this statute the supervisors are directed to levy the tax in certain cases, and upon due proof that certain conditions specified have been complied with.

The courts below have sustained the action and restrained the supervisors and the authorities of the town from proceeding under the act, on the sole ground that the enactment in its entire scope and purpose is in conflict with the Constitution and, therefore, void.   That is the only question necessary to consider upon this appeal.   The statute, in substance, empowers and directs the supervisors of the several counties, upon a petition of a majority of the taxpayers, to raise by ordinary taxation the money needed to pay to any drafted man who served personally in the Civil war, or paid commutation money, or to the heirs of any such man, the sum of three hundred dollars, with the interest thereon, for a period of about thirty years.

Every government must possess the inherent right or power to call upon its citizens to perform military duty in time of war. The exercise of this power involves the right of self-preservation, and that right in the government imposes upon the citizen a corresponding duty to render such services whenever the emergency arises, and it is demanded of him. The government must necessarily be the judge of the necessity for requiring the performance of this duty. This power was called into action by the act of Congress referred to, since it provided for a conscription to recruit the army. The individuals selected in the manner provided by the act were under obligations to serve, but they were permitted to commute such services, or pay, in lieu thereof to the government, a specified sum of money. The legislation which the courts below have condemned attempted to authorize taxation for the purpose of refunding to the person who paid, or his heirs, the moneys expended, with interest, and to pay to the person who personally served under the call, or to his heirs, a like sum, with interest.

The power to impose taxes, general or local, which rests with the legislature, is without much express restriction in the Constitution, and yet even this power cannot be said to be absolute. On general principles it has, at least, one limitation, and that is that the money to be raised must be required for some purpose that in some sense, at least, can be said to be public. The legislature cannot authorize taxation for the purpose of making gifts, or paying gratuities to private individuals. It is quite clear that this was the purpose of the act in question. The individuals for whose benefit the tax was to be levied under the act, had no claim, legal or equitable, against the town or county where the money was to be raised by taxation. Those who actually served under the conscription only discharged their obligations to the general government. Those who commuted simply paid so much money in order to be relieved from the obligation to render military service. In either case the individual did nothing more than to discharge his obligations to the government as a citizen, and

hence he had no claim against the locality to reimburse him for what he was obliged to do. The fact that a majority of the taxpayers requested the supervisors to levy the tax is of no importance. Majorities, however potent in many respects, have no power to impose taxes upon the minority for the purpose of raising money to be devoted to gifts or gratuities to individuals. We think that under the general principles which control the exercise of the power of taxation the legislature had no power to pass the act in question.

It did not attempt to authorize taxation for any public purpose, but was, in effect, a method of taking private property, not for any public use, but for the benefit of private individuals. Legislation of this character has often been questioned in the courts and quite uniformly condemned. (*Taber* v. *Supervisors of Erie Co.*, 131 N. Y. 432; *Perkins* v. *Inhabitants of Milford*, 59 Maine, 315; *Moulton* v. *Inhabitants of Raymond*, 60 Maine, 121; *Freeland* v. *Hastings*, 92 Mass. 570; *Mead* v. *Inhabitants of Acton*, 139 Mass. 341; *Kelly* v. *Marshall*, 69 Penn. St. 319; *Ferguson* v. *Landram*, 1 Bush [Ky.], 548.)

The amendments to the Constitution of this state, adopted in 1874, imposed an additional limitation upon the power of the legislature to authorize taxation in counties or towns for private or local purposes. By § 10, article 8, it was enacted that no county, city, town or village shall hereafter give any money or property to or in aid of any individual, association or corporation. Nor shall any such county, city, town or village be allowed to incur any indebtedness except for county, city, town or village purposes. The statute in question provides for the imposition of the tax upon the town to raise money for the payment of claims which there was no legal or moral obligation on the part of the town to pay, and hence it is in conflict with the provision of the Constitution above referred to which forbids the town from giving any money to or in aid of an individual. The action of the town authorities in auditing or recognizing the claims as obligations to be paid by taxation, or similar action by the supervisors, all of which is contemplated by the statute, also violates the restric-

28

tion against incurring obligations for other than county or town· purposes.

Whatever other merit these demands may have, it is quite clear that money raised to pay them by taxation on the county or town cannot, with any propriety, be said to be raised for a county or town purpose.

So we think that the courts below were right in deciding that the statute was violative of the Constitution. The judgment must, therefore, be affirmed, with costs.

All concur.

Judgment affirmed.