Theodore Stemmler et al., Appellants, *v.* The Mayor, Aldermen and Commonalty of the City of New York, Respondent.

1. New York (City of) — Insufficient Compliance with Chapter 543 of Laws of 1894, Making City Liable for the Unpaid Salary of a De Jure Officer. Where a statute (L. 1894, ch. 543) authorized the board of estimate and apportionment of the city of New York, upon a certificate from the comptroller that no part of the salary in question had been paid, to meet and ascertain the amount of unpaid salary due to one elected as a justice of the District Court of the city of New York, while such office was unlawfully withheld from him by one who claimed to have been elected thereto, and also authorized the comptroller, upon the certificate of such board, to pay the amount of salary found to be due, with interest from the time it accrued, the insertion by the board of estimate and apportionment of a provision auditing and allowing the claim at a sum not exceeding $35,000 is not a sufficient compliance with the requirements of the statute to sustain an action to recover such sum with interest from the time the salary accrued, in the absence of proof that a certificate was issued by the board, after due investigation and determination, to the effect that such salary had not been paid, and fixing the amount thereof for the period mentioned.

2. Appeal — Evidence — Effect of Admission Made upon the First Trial of an Action. Where an admission was made upon the first trial of such action that during the time the office was held by the usurper he performed the duties and received the salary thereof, and the admission was not expressly limited to the first trial, it remains binding upon the parties during the entire litigation and is evidence of the fact that the salary was paid to him that may be read from the record of the first trial upon an appeal to the Court of Appeals from a judgment rendered in the second trial and in support of such judgment, although such admission is not in the record of the second trial.

3. Constitutional Law — Officers — When Municipality Is Not Liable to a De Jure Officer for Salary Paid to the De Facto Officer — Chapter 543 of the Laws of 1894 Unconstitutional. A municipality which has paid a *de facto* officer who has performed the functions of the office the salary attached thereto, is not liable to pay it again to one subsequently adjudged to be the lawful incumbent of the office, but who has rendered no service therein; his remedy is an action for damages against the usurper; such statute, therefore, requiring the municipality to pay its public money for a service never rendered and for which it was not liable, is within the inhibition of the Constitution of of 1846, as amended in 1874 (Art. 3, § 24), prohibiting the legislature from

granting extra compensation to public officers and (Art. 8, § 11) the use of city funds for any but city purposes.

*Stemmler* v. *Mayor, etc., of New York*, 87 App. Div. 631, affirmed.

(Argued October 10, 1904; decided November 29, 1904.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 19, 1903, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term and an order denying a motion for a new trial.

Upon the defendant's motion the complaint was dismissed by the court at the conclusion of the plaintiff's evidence. The grounds of the motion were twofold : 1. That the plaintiffs had failed to establish a cause of action against the defendant; and, 2. That chapter 543 of the Laws of 1894, upon which the action was based, was unconstitutional.

In 1869, nearly thirty-five years ago, John A. Stemmler was elected justice of the District Court for the seventh judicial district in the city of New York for the term of six years, commencing January 1, 1870. A controversy arose between Stemmler and one McGuire as to who was legally entitled to the office. A litigation to determine that question ensued, and on October 15, 1873, it was decided in favor of Stemmler. From January first to October fifteenth the duties of the office were performed by McGuire, and it is obvious from the plaintiff's admissions made on the first trial and from the papers contained in the record that the salary was paid by the city to him. From that time to the expiration of his term the office was held by Stemmler and he received the salary. He died on the twenty-eighth of March, 1875, leaving him surviving his widow, Babetta Stemmler, and the former plaintiffs in this action, his only heirs at law and next of kin. Babetta died on the twenty-eighth of July, 1892, and Franklin A. Stemmler, who was one of the original plaintiffs, died on the twenty-fourth of December, 1899, leaving a last will and testament, by which he appointed Bertha L. Stemmler, one of the present plaintiffs, as his executrix. Nearly twenty years after

John A. Stemmler's death and two years after the death of
his widow, the legislature enacted chapter 543 of the Laws of
1894, upon which this action is based.   The plaintiffs and none
of their predecessors had any right of action against the defend-
ant independently of the statute of 1894.   Indeed, no such
right of action is claimed, as the complaint is based exclusively
upon the statute.

This action has been twice tried.   Upon the first trial, the
court directed a verdict against the defendant for $35,000
principal, and $50,994.86 interest, making a total of $85,994.86.
An appeal from the judgment entered upon that verdict was
taken to the Appellate Division, where it was reversed and a
new trial granted, that court holding that the plaintiffs had not
complied with the requirements of section 1 of the statute of
1894, and, hence, were not entitled to recover.

The statute referred to provides: " Upon proof that John
A. Stemmler was duly elected justice of the district court in the
city of New York, for the term of six years, commencing on
the first day of January, eighteen hundred and seventy, and
that the salary of the said office was wrongfully withheld
from and has not been paid to him for the portion of the said
term prior to the fifteenth day of October, eighteen hundred
and seventy-three, or any part of that time, pending his con-
test for said office, and while it was wrongfully occupied by
one Joseph McGuire, who has since been finally adjudged by
the courts to have usurped said office, which proof shall ·be
satisfactorily established by a certified copy of the judgment
of the Supreme Court of this state declaring that said John
A. Stemmler was duly elected to said office as aforesaid, and
that said Joseph McGuire usurped and unlawfully held said
office during said period prior to October fifteenth, eighteen
hundred and seventy-three, and by a certificate from the
comptroller of the city of New York, that no part of said
salary for said period has been paid to said John A. Stemmler
or his representatives, the board of estimate and apportion-
ment of the city of New York is hereby authorized and
directed to meet and ascertain the amount of said unpaid

salary belonging to said John A. Stemmler as such justice at the rates fixed by law and paid to the justices of the other district courts in the city for the same period, and upon the certificate of the said board of estimate and apportionment, or a majority of the members thereof, that no part of the said salary has been paid to either John A. Stemmler or his representatives from January first, eighteen hundred and seventy, to October fifteenth, eighteen hundred and seventy-three, and the amount of said salary for said period, the said comptroller upon such certificate and proofs aforesaid being filed in his office, shall pay the amount of the said unpaid salary, with lawful interest thereon from the day last aforesaid to the heirs of the said John A. Stemmler or their representatives. § 2. The comptroller is authorized to make such payment out of any unexpended appropriations in the city treasury, and, if necessary, to cause the same to be inserted in tax levy for the following year. § 3. This act shall take effect immediately."

The learned Appellate Division, after calling attention to the remarkable character of the act of 1894, whereby the legislature, nearly twenty-five years after the commencement of the term of the office mentioned therein and nearly twenty years after it ended, sought to impose upon the city of New York a liability for Stemmler's salary for a period during which he performed no service, and after the city had paid such salary to the person to whom the certificate of election had been awarded, who actually performed the service, and when it had no part in determining who was elected, held that before the city of New York could be rendered liable in an action at law to recover the amount directed to be paid by the act, the plaintiffs must allege and prove that every requirement of the statute had been strictly complied with.

*Delos McCurdy* for appellants. The act of 1894 is not violative of article 3, section 24, of the amended Constitution of the state of New York of 1846. (*Fitzsimmons* v. *City of Brooklyn*, 102 N. Y. 536; *Cook* v. *Mayor, etc.*, 9 Misc. Rep. 338; *McVeany* v. *Mayor, etc.*, 80 N. Y. 185; *Matter of*

*Mahon* v. *Bd. of Education*, 171 N. Y. 263 ; *People ex rel.* v. *Partridge*, 172 N. Y. 305 ; *Cole* v. *State*, 102 N. Y. 48.) Neither does the act of 1894 violate section 10 of article 8 of the amended Constitution of 1846. (*Bd. of Comrs.* v. *Merchant*, 103 N. Y. 143 ; *People* v. *Adams*, 176 N. Y. 351 ; *People ex rel.* v. *Bd. Suprs.*, 45 App. Div. 48 ; *McVeany* v. *Mayor, etc.*, 80 N. Y. 185 ; *Cole* v. *State*, 102 N. Y. 48 ; *M. I. B. Co.* v. *Town of Attica*, 119 N. Y. 204 ; *Cayuga Co.* v. *State*, 153 N. Y. 279 ; *Bush* v. *Bd. Suprs.*, 159 N. Y. 212 ; *Matter of Green*, 166 N. Y. 485.) The act of 1894 is not in conflict with section 2 nor section 6 of article 1 of the amended Constitution of 1846. (*Happy* v. *Mosher*, 48 N. Y. 313 ; *Stuart* v. *Palmer*, 74 N. Y. 183 ; *Matter of U., etc., Co.*, 112 N. Y. 61 ; Cooley on Const. Lim. 506 ; *Murray* v. *H. L. Co.*, 18 How. [U. S.] 272 ; *Davidson* v. *New Orleans*, 96 U. S. 97 ; *Hagan* v. *Reclamation District*, 111 U. S. 708 ; *People ex rel.* v. *Westchester Co.*, 57 App. Div. 137 ; *People ex rel.* v. *Bd. Suprs.*, 70 N. Y. 228 ; *People ex rel.* v. *City of Kingston*, 101 N. Y. 82 ; *People ex rel.* v. *Barnes*, 114 N. Y. 317.) The technical objections to the regularity of the proceedings before the board of estimate and apportionment are untenable. (*Osterhoudt* v. *Rigney*, 98 N. Y. 222 ; *People ex rel.* v. *Barnes*, 114 N. Y. 317 ; *People ex rel.* v. *Campbell*, 64 Hun, 417 ; *Kennedy* v. *County of Queens*, 47 App. Div. 250 ; *People ex rel.* v. *City of Kingston*, 101 N. Y. 82 ; *People ex rel.* v. *Suprs.*, 52 Hun, 449 ; *McCrea* v. *Chahoon*, 54 Hun, 577, 582 ; *People ex rel.* v. *McDonough*, 173 N. Y. 181 ; *U. S.* v. *Ship Recorder*, 1 Blatchf. 218 ; *Matter of U. S. A.* v. *P. R. R. Co.*, 115 N. Y. 442.)

*John J. Delany, Corporation Counsel* (*Theodore Connoly* and *Terence Farley* of counsel), for respondent. Chapter 543 of the Laws of 1894 violates article 3, section 24, and article 8, section 11, of the amended Constitution of the state of New York of 1846. (*Matter of Mahon* v. *Bd. of Education*, 171 N. Y. 263 ; *People ex rel. Waddy* v. *Tarbridge*, 172 N. Y.

305; *Dolan* v. *Mayor, etc.,* 68 N. Y. 274; *Mc Veany* v. *Mayor, etc.,* 80 N. Y. 185; *Terhune* v. *Mayor, etc.,* 88 N. Y. 247; *Demarest* v. *Mayor, etc.,* 147 N. Y. 203; *Martin* v. *New York,* 170 N. Y. 371; *Stemmler* v. *Mayor, etc.,* 34 App. Div. 408; *Shaw* v. *Pima Co.,* 18 Pac. Rep. 273; *Gorman* v. *Boise Co.,* 1 Idaho, 655.) The legislation in question likewise violates the 14th amendment to the Federal Constitution and sections 2 and 6 of article 1 of the amended Constitution of 1846. (*People ex rel.* v. *Coler,* 166 N. Y. 1; *People ex rel.* v. *Haws,* 37 Barb. 440; *Baldwin* v. *Mayor, etc.,* 42 Barb. 549.) The act in question confers no right of action against the city. (*Swift* v. *Mayor, etc.,* 83 N. Y. 520; *Weston* v. *City of Syracuse,* 158 N. Y. 274; *McCann* v. *City of Albany,* 158 N. Y. 634; *McCullough* v. *Mayor, etc.,* 23 Wend. 458; *Clark* v. *Miller,* 47 Barb. 38; *Lake* v. *Trustees of Williamsburg,* 4 Den. 520; *Hawley* v. *McIntyre,* 24 Hun, 459; *Ganson* v. *City of Buffalo,* 1 Keyes, 454; *People ex rel.* v. *Mead,* 24 N. Y. 114; *People ex rel.* v. *Brown,* 55 N. Y. 180; *Dannat* v. *Mayor,* 66 N. Y. 585.) Conceding that the statute confers a right of action upon the plaintiffs, a strict compliance with the statutory requirements is a condition precedent to the maintenance of this action. (*Stemmler* v. *Mayor, etc.,* 34 App. Div. 408; *Braunstein* v. *A. Ins. Co.,* 31 L. J. Q. B. 24; *Burford* v. *Mayor, etc.,* 26 App. Div. 225.) That the salary of Stemmler was paid to McGuire is a conceded fact in the case. (*Fortunato* v. *Mayor,* 74 App. Div. 441; 173 N. Y. 608; *Clason* v. *Baldwin,* 152 N. Y. 204; *Converse* v. *Sickles,* 16 App. Div. 49; 161 N. Y. 666.)

MARTIN, J. Section one of the statute under consideration, after declaring that certain facts should be established and that they might be established by a certified copy of the judgment of the Supreme Court declaring Stemmler duly elected, provided:

1. That there should be furnished to the board of estimate and apportionment a certificate from the comptroller that no

part of said salary for said period had been paid to Stemmler or his representatives;

2. That the board should meet and ascertain the amount of said unpaid salary belonging to Stemmler at the rates fixed by law;

3. That the board or a majority of its members should make a certificate that no part of such salary had been paid to Stemmler or his representatives and the amount of said salary for said period; and,

4. That the comptroller, upon such certificate and proofs being filed in his office, should pay the amount of such unpaid salary, with interest, to Stemmler or his representatives.

Thus, the several acts above enumerated were to be performed before the comptroller could be required to pay. The comptroller's certificate of non-payment must be presented. The board must ascertain the amount of the claim. It must also make a certificate stating that no part has been paid and the amount thereof. It was only upon the making and filing in the office of the comptroller of such proofs and certificates that a recovery could be had.

There was no pretense that a certificate by the board in pursuance of such statute was executed and filed with the comptroller, but it is contended that the insertion in the tax levy for 1895 of the following provision: "Claim of heirs of John A. Stemmler or their representatives for salary of John A. Stemmler as Justice of the Seventh Judicial District Court from January 1, 1870, to October 15, 1873, audited and allowed, in pursuance of Chapter 543, Laws of 1894, at a sum not exceeding $35,000," was sufficient and all that was required. With this contention we cannot agree. In this connection it is to be observed that section two of that act authorized the payment of the claim mentioned in section one out of unexpended appropriations, or if necessary the amount was to be inserted in the tax levy for the following year. It is quite obvious, we think, that the insertion in the tax levy for 1895 was in pursuance of the provisions of section two. Indeed, there seems to have been no attempt to comply with

the provisions of section one, and the case is entirely barren of any certificate of such action by the board as was required by that section. Thus the precise question presented is whether the plaintiffs can recover against the city under the provisions of chapter 543 of the Laws of 1894 without any compliance whatever with the requirements of section one. This action, as has already been seen, was purely statutory, and the plaintiffs could not recover without showing strict compliance with its requirements on their part. That they have failed to do, and the trial court granted the defendant's motion for a nonsuit upon the ground that the plaintiffs did not prove facts sufficient to constitute a cause of action. It was held by the learned Appellate Division, following its former decision in this case (34 App. Div. 408), that the mere insertion in the tax levy by the board of estimate and apportionment of a provision auditing and allowing the claim at a sum not exceeding $35,000 did not, in the absence of proof that a proper certificate was issued by such board to the effect that such salary had not been paid and giving the amount thereof for the period mentioned, constitute a sufficient compliance with the provisions of section one to entitle the plaintiffs to recover. We are of the opinion that the decision of the court below in that respect was correct and should be sustained. In other words, the plaintiffs failed to establish facts sufficient to constitute a cause of action, and were, therefore, properly nonsuited upon that ground. While it is true that the board stated in regard to that item that it audited and allowed the claim at a sum not exceeding $35,000, it can hardly be said that such action by the board was an auditing of the claim in the sense of reaching a definite determination of its amount. The language "not exceeding $35,000" was indefinite and uncertain. To audit is to hear and examine an account, and includes its adjustment, allowance or disallowance at some definite sum. (*People ex rel. Myers* v. *Barnes*, 114 N. Y. 317, 327; *People ex rel. Brown* v. *Board of Apportionment*, 52 N. Y. 224, 227; *People ex rel. McCabe* v. *Matthies*, 179 N. Y. 242, 247.)

Upon a full consideration of this question and of the opin-

ion of the learned Appellate Division upon the former appeal, we have reached the conclusion, not only that the determination of the court below was correct and should be affirmed, but also that this branch of the case was there so fully examined that no further discussion need be had, except to announce that we concur in that opinion and in the conclusion reached by the Appellate Division in this case.

The defendant also claims that the judgment appealed from should be upheld upon the ground that the statute of 1894 is in conflict with the Constitution of this state. In determining that question we are required to refer to the Constitution of 1846, as amended in 1874, since the Constitution of 1894 did not go into effect until after the passage of that act.

Section 24 of article 3 of the amended Constitution of 1846, which is the same as section 28 of article 3 of the Constitution of 1894, provided: "The Legislature shall not, nor shall the common council of any city, nor any board of supervisors, grant any extra compensation to any public officer, servant, agent or contractor." Section 11 of article 8 of the same Constitution, which is substantially re-enacted in section 10 of article 8 of the present one, provided: "No    *    *    * city    *    *    *    shall hereafter give any money or property, or loan its money or credit, to or in aid of any individual, *    *    *    nor shall any such    *    *    *    city    *    *    *    be allowed to incur any indebtedness, except for    *    *    * city    *    *    *    purposes."

The appellants contend that there was no proof that the salary of the office was paid by the city to McGuire while it was occupied by him. That contention cannot be sustained, if the plaintiffs' admission upon the former trial was sufficient to justify the court in holding that it was not limited to that trial alone, but remained binding upon the parties during the entire litigation. There was proof of such admission submitted to this court. On the argument, the record of the former trial was presented which contained the following admission: "It is admitted that during the time John A. Stemmler was ousted from office the defendant paid the

31

salary to Joseph McGuire." This was a general admission, was not limited to the first trial, and, therefore, remains binding upon the parties during the entire litigation. A stipulation made by the parties or their attorneys with respect to the facts in a case for the purpose of evidence, is general and not limited in respect of time or occasion, but stands in the case for all purposes until the litigation is ended, unless the court upon application shall relieve either or both of the parties from its operation. (*Clason* v. *Baldwin,* 152 N. Y. 204; *Converse* v. *Sickles,* 16 App. Div. 49; affirmed, 161 N. Y. 666; *Fortunato* v. *Mayor, etc., of N. Y.,* 74 App. Div. 441; affirmed, 173 N. Y. 608.)

The rule is well settled that record evidence not in the return may be read by the court on review in support of a decision, although not to secure a reversal. (*People ex rel. Warschauer* v. *Dalton,* 159 N. Y. 235, 239; *Wines* v. *Mayor, etc., of N. Y.,* 70 N. Y. 613; *Matter of Cooper,* 93 N. Y. 507; *Day* v. *Town of New Lots,* 107 N. Y. 148; *Dunham* v. *Townshend,* 118 N. Y. 281; *Atlantic Ave. R. R. Co.* v. *Johnson,* 134 N. Y. 375.) Consequently the evidence and stipulation, so far as it was contained in the record of such preceding trial and offered upon the argument, was admissible upon this appeal.

Under the previous decisions of this court, the disbursing officers of the city of New York charged with the duty of paying official salaries, had the right, in the discharge of that duty, to rely upon the apparent title of McGuire who was an officer *de facto,* and to treat him as an officer *de jure* without inquiring whether another had the better right to the office. As the city had the right and it was its duty to pay the salary to McGuire during his actual incumbency, and having paid it, it cannot be required to pay it again to the plaintiffs. The remedy of a person wrongfully deprived of an office is to recover his damages for the wrong against the usurper. (*Dolan* v. *Mayor, etc., of N. Y.,* 68 N. Y. 274; *McVeany* v. *Mayor, etc., of N. Y.,* 80 N. Y. 185; *Terhune* v. *Mayor, etc., of N. Y.,* 88 N. Y. 247; *Demarest* v. *Mayor, etc., of*

*N. Y.*, 147 N. Y. 203; *Nichols* v. *MacLean,* 101 N. Y. 526.) Therefore, we think, it follows that as there was no liability on the part of the city to pay Stemmler or his representatives any portion of the salary which had already been paid to McGuire, to whom the city was liable while he held the office of such justice, the statute of 1894, requiring the defendant to pay its public money for a service never rendered and for which it was not liable, falls within the inhibition of the provisions of the Constitution to which we have already referred. While this case might fall within the broad doctrine laid down in *Town of Guilford* v. *Board of Supervisors* (13 N. Y. 143) and similar cases, yet, with the amendments of the Constitution of 1846, adopted in 1874, we think the rule is now quite different. Those amendments were new, and for the first time forbade any city to give or loan its money or credit in aid of an individual, prohibited the legislature or any city from granting any extra compensation to public officers, and prevented them from employing or requiring the use of city funds for any but city purposes. The statute in question clearly falls within the inhibition of the Constitution as amended in 1874, as it required the city of New York to pay an amount for which it was not liable, legally nor in equity or justice. It in effect provided for a mere gratuity or extra compensation to a public officer, who had performed no service for the city, and had done nothing which entitled him, as against the city, to any such compensation, and directed the employment of the funds of the city for other than city purposes.

Since those amendments to the Constitution, their effect has often been the subject of judicial construction by this and other courts in the state. Although we are not unmindful of the decisions of this court anterior to their adoption, and realize that the broad doctrine was then held that the legislature was not confined in its appropriation of public money, or of sums to be raised by taxation in favor of individuals, to cases where a legal demand existed, and that it could thus recognize claims founded upon equity and justice, yet, since the

amendments, that rule has been changed, and they have eliminated all considerations of gratitude and charity as grounds for the appropriation of public money, except for the aid and support of the poor.

In *Sun Printing & Publishing Assn.* v. *Mayor, etc., of N. Y.* (152 N. Y. 257, 265) a county, city, town or village purpose was thus defined: "The purpose must be necessary for the common good and general welfare of the people of the municipality, sanctioned by its citizens, public in character and authorized by the legislature." The attempted appropriation of the city funds to pay a claim not based upon services rendered to the city but for money never earned cannot, we think, be said to be a purpose for the common good and general welfare of the municipality, and, therefore, is not within the foregoing definition of a city purpose.

In *Bush* v. *Board of Supervisors Orange Co.* (159 N. Y. 212) this court considered a statute to indemnify drafted men who had served personally in the Civil war, furnished a substitute, or paid commutation money. There, the question whether such an act was prohibited by the amendments of 1874 was discussed, and it was held that the act was void as being in violation of section 10 of article 8, which prohibits the giving of any money or property to any individual, forbade any county, city, town or village to incur any indebtedness except for county, city, town or village purposes, and the action of the town authorities in recognizing such a claim to be paid by taxation was incurring obligations for other than city purposes.

In *People ex rel. Waddy* v. *Partridge* (172 N. Y. 305) an action was brought to recover certain pensions provided by the charter of the city of Brooklyn, which included the construction and examination of that statute, and this court held that under the statute the relator could not recover, and if the charter was so construed as to cover the relator's case it would be plainly unconstitutional as an appropriation of public moneys to private purposes.

In *Matter of Greene* (166 N. Y. 485), where the legislature had passed an act vacating a judgment upon the merits in

favor of a county, granted the plaintiff a new trial, and directed the levy of a tax to pay any amount found due him, it was held unconstitutional, as it was virtually the bestowal of a gratuity in violation of sections 9 and 10 of article 8 of the Constitution.

Again in *Matter of Chapman* v. *City of New York* (168 N. Y. 80, 86) it was held that a statute which provided for the payment from the funds of a county or city of the expenses incurred by a police officer in successfully defending charges preferred against him would constitute their application to an individual and not to a city or county purpose. It was there said that " When a citizen accepts a public office he assumes the risk of defending himself against unfounded accusations at his own expense." We think it may be equally well said that when a citizen accepts a nomination for a public office, and is elected, he assumes the risk of defending himself against the unfounded accusations of another candidate, and incurs the risk of losing the salary during the time the office is occupied by his adversary.

The same doctrine was held in *Matter of Straus* (44 App. Div. 425, 429). In that case the court discussed the question as to the class of obligations which could be said to be excepted from the operation of the language of the amendments to which we have referred. The learned judge referred to instances, such as cases where the Statute of Limitations had run, or where a debtor had been discharged by bankruptcy, where money had been expended for the benefit of the city and it had received the full benefit of such expenditure, and other cases where the city had actually received a pecuniary benefit from the person who presented the claim, or it had imposed upon it a liability in regard to which he had become honorably estopped from refusing to pay, and then he added : " Unless there was some relation between the person making the claim and the city by reason of which a burden was imposed upon him, or his money was taken for the benefit of the city, clearly no reason can exist why the city should be called upon to pay back to him the money he has paid out voluntarily for

his own immediate benefit." (See, also, *Matter of Jensen*, 44 App. Div. 509; *Matter of Chapman*, 57 App. Div. 583, and *Rockefeller* v. *Taylor*, 69 App. Div. 176, 183.)

An examination of the foregoing cases renders it quite obvious that there was no such legal, just or moral liability upon the city to pay Stemmler or his representatives for services which were not performed by him as would justify the legislature in passing the act which is the basis of this litigation.

We are of the opinion both that the plaintiffs did not prove facts sufficient to constitute a cause of action under the statute, and that the statute upon which this action was founded was unconstitutional.

The judgment should be affirmed, with costs in all the courts.

CULLEN, Ch. J., BARTLETT, HAIGHT, VANN and WERNER, JJ., concur; O'BRIEN, J., dissents.

Judgment affirmed.