RATTIGAN v. BOARD OF SUP'RS OF CAYUGA COUNTY et al.

(Supreme Court, Equity Term, Cayuga County. March 22, 1915.)

1. COUNTIES ⬤⟱205—OFFICERS—REIMBURSEMENT OF EXPENSES.

Under County Law (Consol. Laws, c. 11) § 240, subd. 18, providing for the reimbursement to county officers by the board of supervisors of damages, costs, or expenses lawfully incurred in prosecuting or defending an action or proceeding brought by or against the county or such officer, where the expenses or costs, in question in a taxpayer's suit to prevent their reimbursement, are within the provisions of the statute, the Supreme Court has no authority to set aside the action of the board in auditing the claim.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 328–334; Dec. Dig. ⬤⟱205.]

2. COUNTIES ⬤⟱73—OFFICERS—REIMBURSEMENT OF EXPENSES.

Under County Law, § 240, subd. 18, providing that all damages, costs, or expenses lawfully incurred by a county officer in prosecuting or defending an action or proceeding brought by or against the county or such officer for an official act done, when such act was done or such action or proceeding was prosecuted or defended pursuant to law or by authority of the board of supervisors, shall be reimbursed to him, and that any such

⬤⟱For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

damages, costs, or expenses incurred by any such officer for any act done in good faith in his official capacity without any such authority may be made a county charge of a majority vote of all the members of the board, where defendant had occupied the office of election commissioner in a de facto capacity, later having his appointment nullified in quo warranto proceedings, the costs taxed against him in such proceedings were not such costs or expenses incurred by a county officer as may be reimbursed to him under the statute by the board of supervisors.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 114; Dec. Dig. ☞73.]

3. QUO WARRANTO ☞63—PROCEEDINGS—COSTS—DE FACTO OFFICERS.

One asserting the right to a public position does so at his peril of subjection to costs incurred in defending an action of quo warranto to test his right.

[Ed. Note.—For other cases, see Quo Warranto, Cent. Dig. § 74; Dec. Dig. ☞63.]

4. COUNTIES ☞153—REIMBURSEMENT OF OFFICERS—EXPENSES—STATUTE— CONSTITUTIONALITY.

County Law, § 240, subd. 18, providing for the reimbursement to county officers, by the board of supervisors, of damages, costs, or expenses lawfully incurred in prosecuting or defending an action or proceeding brought by or against the county or such officer, would be unconstitutional, if construed to authorize the allowance by the board of supervisors to a de facto election commissioner, ousted from office in quo warranto proceedings, of costs incurred in defending such action, under Const. art. 8, § 10, declaring that no county, town, or village shall hereafter give any money or credit to or in aid of any individual, nor shall such county be allowed to incur any indebtedness, except for county purposes.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 214; Dec. Dig. ☞153.]

5. CONSTITUTIONAL LAW ☞48—STATUTES—CONSTRUCTION IN FAVOR OF VALIDITY.

In construing a statute, its operation will be confined to cases that will not render it offensive to the Constitution.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 46; Dec. Dig. ☞48.]

6. COUNTIES ☞196—OFFICERS—REIMBURSEMENT OF EXPENSES—TAXPAYER'S ACTION—COSTS.

In a taxpayer's action against the board of supervisors and an election commissioner, whose appointment as such had been declared invalid in quo warranto proceedings, to restrain such board from reimbursing to such commissioner the costs incurred by him in defending such quo warranto proceedings, claimed by the officer under County Law, § 240, subd. 18, providing for the reimbursement to county officers by action of the board of supervisors of damages, costs, or expenses lawfully incurred in prosecuting or defending an action or proceeding brought by or against the county or such officer, where the decision of the court was against the validity of the supervisor's award and the officer's claim, the award of costs against the board of supervisors and the former official was proper.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 308; Dec. Dig. ☞196.]

Taxpayer's action by Charles F. Rattigan against the Board of Supervisors of the County of Cayuga and others. Findings directed.

Richard C. S. Drummond, of Auburn, for plaintiff.

Frank S. Coburn, of Auburn, for defendant board of supervisors.

E. C. Aiken, of Auburn, for defendant Flynn.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

WHEELER, J. This is a taxpayer's action, in which the plaintiff asks a judgment vacating an audit of a certain claim against the county of Cayuga made by the defendant Patrick H. Flynn, and restraining the defendants from taking further action towards its enforcement or payment.

It appears that the Democratic county committee of Cayuga county named and designated to the board of supervisors one Thomas F. Woods for appointment as election commissioner for that county, pursuant to the provisions of the state Election Law. Instead of appointing Mr. Woods, so designated, the board of supervisors undertook to appoint to such office the defendant Patrick H. Flynn. Mr. Flynn entered upon the discharge of the duties of the position. · The legality of his appointment was challenged. An action in the nature of quo warranto was brought by the people of the state to test the validity of Mr. Flynn's appointment as commissioner, and to oust him from office. The action was tried, and this court rendered judgment holding the appointment illegal and void, and ousting him from the position of election commissioner. This judgment carried with it certain costs of the action, which Mr. Flynn paid. He also paid for the services of his own legal counsel and attorney in that litigation. The money so paid amounted to the sum of $162. Mr. Flynn thereupon presented a claim against the county for the amounts so paid, and asked reimbursement, and by resolution of the board of supervisors the claim was audited and allowed, and directed paid. Thereupon this plaintiff, as a taxpayer, brought this action to restrain such payment, on the ground that the claim of the defendant Flynn is not a proper charge against the county, and the board had no right or authority to audit or direct its payment.

The defendant Flynn contends, in substance, that the board had full power and authority to allow the claim by virtue of the provisions of subdivision 18, § 240, of the County Law, reading as follows:

"All damages recovered against, or costs and expenses lawfully incurred by a county officer in prosecuting or defending an action or proceeding brought by or against the county or such officer, for an official act done, when such act was done, or such action or proceeding was prosecuted or defended pursuant to law, or by authority of the board of supervisors; and any such damages so recovered, or costs and expenses incurred by any such officer, for any act done in good faith in his official capacity, without any such authority, may be made a county charge by a majority vote of all the members elected thereto."

It is urged on behalf of Mr. Flynn that, although this court has decided that his appointment was illegal, nevertheless he acted in good faith in accepting his election and (until judicially ousted) was a de facto officer of the county, and in defending his title to the place was performing an official duty, and that by virtue of the section quoted the board of supervisors had full authority to make the costs and expenses of the litigation a county charge.

[1, 2] We may assume, for the purposes of this discussion, that Mr. Flynn did act in good faith, and defended the proceedings to remove him from office in an honest belief that his appointment was valid and legal. If the expenses and costs so incurred fall within the provisions

of subdivision 18, § 240, of the County Law, then this court has no power, by virtue of the act giving a right of action to a taxpayer, to question the wisdom or set aside the action of the board in auditing the claim. The question, however, remains whether the County Law does, in fact, warrant the allowance of Mr. Flynn's claim. We are of the opinion it does not.

The statute authorizes making a county charge costs and expenses incurred in an action *"for an official act done"* or for *"costs or expenses incurred by any such officer for any act done in good faith in his official capacity."* The action brought by the people to oust Mr. Flynn did not relate to any *"official act done * * * in his official capacity."* It related rather to his authority to act at all. The question at issue was his title to the office—quite a different question from that of whether some particular act done by him was right or wrong.

Until judgment of ouster was rendered, undoubtedly Flynn's acts as a de facto officer were binding, and would be respected as though he were legally entitled to the position. But can it be fairly said that in asserting title to an office, to which, in fact and law, he had no right, he was doing an official act in an *"official capacity"*? We think not. The quo warranto suit related, not to the doing of anything by Flynn, but solely to the legality of his appointment. So far as he was concerned, the quo warranto proceedings were purely a private action designed to test his title, involving the respective personal claims to office by himself and his successful opponent, the relator in that action. Consequently we are of the opinion that section 240, subd. 18, of the County Law, affords no ground for the payment by the county of the costs and expenses of that litigation. This view is sustained by authority.

In the case of Board of Supervisors v. Ellis, 59 N. Y. 620, the action was to recover back moneys alleged to have been illegally paid the defendant for his costs and counsel fees in an action to establish his right to the office of police commissioner, to which he had been appointed by the board of supervisors; and it was held that such expenses were not legal or proper charges against the county. It was said in the opinion of the court that the board "cannot lawfully engage a county in, or bind it to the payment of the expenses of, a litigation by an individual to establish his right to an office, and the audit and payment thereof is unlawful."

I think the converse of the proposition is equally true, that the board cannot audit and allow the expenses and costs of a litigation to defend the title of an individual to an office to which he has no legal right. The Ellis Case is cited with approval in West v. City of Utica, 71 Hun, 544, 24 N. Y. Supp. 1075. In the case of People v. Lawrence, 6 Hill, 244, where a justice of the peace, after being impeached before the County Court, was tried and acquitted, and then presented a claim against the county for the expenses of his defense which the supervisors allowed, it was held on a mandamus to compel payment that the board exceeded its authority in allowing the claim, on the ground that such expenses were not a proper county charge.

[3] The rule seems to be that one asserting the right to a public position does so at his peril, and if he fails to make good his contention

he should not be permitted to charge the public with the expenses of his unfounded and unsuccessful claim. In our opinion, therefore, upon grounds of established public policy, as well as authority, the plaintiff in this action is entitled to the relief asked.

[4] If we are correct in this view, then, even though the statute could be construed to authorize the allowance of the claim, nevertheless it would violate the provisions of the state Constitution (article 8, § 10) declaring:

"No county, * * * town or village shall hereafter give any money * * * or credit to or in aid of any individual, * * * nor shall * * * such county * * * be allowed to incur any indebtedness except for county * * * purposes."

This clause of our Constitution has been uniformly enforced where by statute attempts have been made to reimburse officials for expenses similar to those incurred by Mr. Flynn. Matter of Strauss, 44 App. Div. 425, 61 N. Y. Supp. 37; Matter of Chapman, 57 App. Div. 583, 68 N. Y. Supp. 1135, affirmed 168 N. Y. 80, 61 N. E. 108, 56 L. R. A. 846, 85 Am. St. Rep. 661; Stemmler v. Mayor, 179 N. Y. 473, 72 N. E. 581; Bush v. Supervisors, 159 N. Y. 212, 53 N. E. 1121, 45 L. R. A. 556, 70 Am. St. Rep. 538.

[5] In construing section 240, subd. 18, of the County Law, we should confine its operation to cases where it will not offend the provisions of the article of the Constitution above quoted. We therefore hold the plaintiff is entitled to the injunction asked.

[6] The board of supervisors, although answering the complaint and alleging the validity of its action in auditing Mr. Flynn's claim upon the trial of this action, have simply submitted their rights to the court, disclaiming any intent to violate the law, and in view of this attitude the counsel has asked that, in case the court holds the plaintiff is entitled to recover, it be without costs as against the board. The action attacked, however, was the action of the board. Mr. Flynn is a proper, but not a necessary, party defendant. Under such circumstances, I am of the opinion that the costs of the action should be awarded against the board and Mr. Flynn.

It is so ordered. Let findings be prepared in accordance with the views above expressed.