Hon. George D. Salerno Chairman State Board of Elections
Your Special Counsel has asked us to construe section 3-100 and its predecessor, section 468, of the Election Law as they affect the terms of office of successive commissioners of the State Board of Elections.
The State board was created by chapter 604 of the Laws of 1974, effective June 1, 1974. The chapter added section 468 to the Election Law. The section specified four commissioners to be appointed by the Governor, two representing one major political party and two representing the other major political party. This bipartisan distribution was assured by limiting the Governor's power to appoint. The State chairman of each major political party was to recommend at least two persons; the Governor had to appoint from the list of recommendations. The legislative leaders from each major political party in the Assembly and Senate made a single recommendation; the Governor was required to appoint the persons so recommended. Except for the initial appointees, commissioners were to serve for terms of two years.
The terms of the initial appointees were staggered in an unusual manner. In the case of the initial State Board of Elections, the terms were to expire on the following dates:
 December 31, 1976 April 30, 1977 May 31, 1977 November 30, 1977.
Since the initial appointments were made in June of 1974, all four commissioners had initial terms exceeding two years. The legislative history does not provide the reasons for the method of staggering which was adopted, or for the fact that all initial terms were longer than two years, or for the time periods between each expiration date, namely, four months, one month, and six months. We do note, however, that the expiration dates of the two "party" appointees were December 31 and May 31 and the two "legislative" appointees were April 30 and November 30, and that the time periods within these pairs were five and seven months, respectively.
In 1976, the current Election Law superseded the Election Law that contained section 468 (L 1976, ch 233). Subdivision 1 of the current section, 3-100, contains the essence of section 468 (a) but omits the expiration dates of the several commissioners. The subdivision also provides that a person appointed to a vacancy not caused by the expiration of a term serves for the balance of the term. But then the subdivision makes a distinction among the commissioners in cases of vacancies caused by the expiration of a term. The two "party" members are governed by section 5 of the Public Officers Law, which permits an incumbent to hold over until his successor has qualified. The two "legislative" members are not governed by section 5, which means that the office becomes vacant on the term's expiration date.
The principal question raised is whether, in view of the current wording of section 3-100 (1), a comissioner appointed subsequent to one of the original expiration dates would serve only until the second anniversary of that date or would serve for two years from the date of appointment if that date were subsequent to the second anniversary. The current words are "shall be appointed for terms of two years each and in the same manner as their respective predecessors." Is this to be read as if the wording were "shall serve for two years from the date of their appointment"*; or as if the wording were "and thereafter shall serve for two years from the expiration of their respective terms"?** We think that the latter is the correct reading.
The initial section 468 (a), after establishing the method of appointment as described earlier in this opinion, specified the staggered terms of the four commissioners as set out earlier. The subdivision continued:
 "Thereafter, the commissioners shall be appointed for terms of two years each and in the same manner as their respective precedessors. A commissioner appointed to the board to fill a vacancy caused other than by expiration of a term, shall serve for the balance of the unexpired term."
In this context, "thereafter" is the bridge from the creation of initial terms of different lengths to the establishment of the length of terms once the staggering is in place.
Moreover, if the alternative meaning were accepted, those who recommend appointments and the Governor working together could change the internal relationship among the staggered terms even, over a long period, to the extent that all terms expired on the same day. Although this is unlikely to happen in practice, it would be possible, and would undermine the statutory scheme of staggered terms.
We note the distinction between the hold-over status of "party" appointees and non-hold-over status of the "legislative" appointees. This distinction obtains whichever interpretation is given to the "two-year terms" wording.
A subsidiary question is whether, if the two-year term has a fixed beginning and ending date, a commissioner would receive a full year's salary even if he were appointed some time after the beginning of the term. The Election Law provides for an annual salary of $25,000 (§ 3-100 [3]). We read the provision to mean at the rate of $25,000 a year for the period during which a person serves as a commissioner. To read the section to mean that a commissioner receives $25,000 for each year of the term even if serving only part of the time would render the provision unconstitutional under section 8 of Article VII of the State Constitution (Rice v State of New York, 55 Misc.2d 964 [Court of Claims, 1968], relying upon Stemmler v Mayor of City of New York, 179 N.Y. 473 [1904]).
We conclude that the terms of commissioners of the State Board of Elections are for two years ending and beginning on the appropriate anniversaries determined by the termination dates of the terms of the commissioners first appointed. A commissioner is compensated at the annual specified salary rate for the period of time served.
* Compare section 6 (c) of Article VI of the Constitution:
 "The terms of justices of the supreme court shall be fourteen years from and including the first day of January next after their election."
** Compare section 234 of the General Municipal Law:
 "Such ordinance or resolution * * * shall provide that the appointment of as nearly as possible one-third of them shall be for a term of one year; one-third for a term of two years, and one-third for a term of three years; and that at the expiration of such terms, the terms of office of their successors shall be three years; so that the term of office of one-third of such commissioners, as nearly as possible, shall expire each year."